WILLIAM A. JOHNSON, PLAINTIFF IN ERROR, v. EDGAR D. PRESTON, DEFENDANT IN ERROR.

1. **Boundaries.** J. brought an action against P. to recover possession of a parcel of land, and sought to re-establish the quarter section corner on the south side of a section by course and distance. *Held,* that where the jury find that such corner was established by the government surveyors, its location cannot be changed by testimony showing that it is not equi-distant between the south-west and south-east corners of the section.

2. ———: GOVERNMENT SURVEY. Mounds thrown up by the government surveyors as corner, sand quarter section corners, of sections, control course and distance.

ERROR to Hamilton county district court. Tried below before POST, J. The opinion states the case.

*Miller & Smith* and *A. J. Rittenhouse* for plaintiff in error.

*A. W. Agee* and *M. H. Sessions,* for defendant in error.

MAXWELL, CH. J.

The plaintiff brought an action against the defendant, in the district court of Hamilton county, to recover possession of a parcel of land described as follows: Commencing at a point forty rods north from the quarter section line corner between sections four and nine, in township ten north, of range six west, thence north forty rods, thence west twenty-one rods, thence south forty rods, thence east twenty-one rods to the place of beginning, the plaintiff claiming that said land is a portion of the south-west quarter of section four, in said township and range. The defendant, in his answer, admits that the plaintiff is the owner of the south-west quarter of section four in the above described

township and range, but denies that said land in dispute, or any portion of it, is in the south-west quarter of said section. Upon the trial of the cause the jury found in favor of the defendant. Judgment having been rendered on the verdict, dismissing the action, the plaintiff brings the case into this court by petition in error.

The errors assigned are that the verdict is not supported by the evidence, and is against the weight thereof, and that the court erred in overruling the motion for a new trial.

The only question to be determined is, does the testimony sustain the finding of the jury as to the proper location of the quarter section corner on the south line of section four in said township?

This is not a case where the government mounds have been obliterated and their location is to be determined by secondary evidence. All the testimony tends to show that the corner in dispute, as now designated, was established by the government surveyors when the original survey was made. The plaintiff himself, soon after settling on the land in question, measured from the south-west corner of said section four, one hundred and sixty rods east on the south line of said section, and drove a stake in what he seems at the time to have regarded as the quarter section corner; and it is proved by other testimony that this corner has been regarded as the quarter section corner from the time of the first settlement of that portion of the county, and it is clearly proved that the distance between the south-west corner of said section and the corner in dispute is one hundred and sixty rods and two links. The plaintiff therefore has a full quarter section of land, and has no cause of complaint, although the south-east quarter of the section may contain an amount in excess of one hundred and sixty acres. The mounds es-

tablished by the government surveyors will control course and distance whenever they can be identified. If they have been destroyed, or their existence is in dispute, their location may be determined by second-ary evidence, and course and distance may be con-sidered for the purpose of re-establishing them. No unvarying rule can be laid down, as each case must be determined according to the circumstances surround-ing it. It is clear that justice has been done in the case at bar, and that, under the testimony, no other judgment could be sustained. The judgment is there-fore affirmed.

JUDGMENT AFFIRMED.