PHŒBE J. MORRISON, PLAINTIFF IN ERROR, V. JONATHAN NEFF, DEFENDANT IN ERROR.

Public Lands of United States: ORIGINAL LOCATION OF A SECTION CORNER, HOW DETERMINED. Where a stone purporting to be the north-east corner of a section was 52 rods east of the true section line, as shown by the surveys both north and south of it, and there was no evidence tending to show that it had been placed there by the government surveyors, nor had it been seen until about four years after the original surveys; *Held*, That the quantity of land contained in the subdivisions of the section in question, and the one east of it, and the field notes and plats of the original survey were properly received in evidence for the purpose of determining the original location of the section corner.

ERROR to the district court for Gage county.  Tried below before DAVIDSON, J.

*Hazlett & Bates*, for plaintiff in error.

*J. E. Bush* and *W. H. Ashby*, for defendant in error.

MAXWELL, J.

This is an action of ejectment brought by the plaintiff against the defendant to recover the possession of "about fifty rods in width off of the east side across the north-east quarter of section 30, township 2 north, range 6 east, in Gage county."  The defendant is the owner of the north-west quarter of the north-west quarter of section 29, township 2 north, range 6 east (lot 2).  The question involved is the location of the section line between sections 29 and 30.  An opinion was filed in this case in 1884, the judgment being reversed, and is reported in 20 N. W. R., 254.*

A rehearing was granted, and the cause is again sub-mitted.

The land in controversy is situated on what was formerly the Otoe reservation, and was surveyed in the year 1873. A stone purporting to be the corner stone at the north-east corner of section 30, is 52 rods east of the true line be-tween sections 29 and 30, as shown by the section corner on the south line of said section 30, and by the section line on the north, so that the section line from the corner con-tended for by the plaintiff runs nearly south-west to the south line of the section.  No witness swears to the loca-tion of the corner by the government surveyors at the point indicated, nor did any witness testify to seeing the stone there prior to 1876 or 1877.  The court below found the issues in favor of the defendant, and rendered a decree

---

* NOTE.—This opinion was withheld from publication in the regu-lar series of Reports by direction of its writer.—REP.

quieting his title.   We approve of the points stated in the syllabus in this case in the opinion heretofore filed, and also in *Johnson v. Preston,* 9 Neb., 474, and adhere to those decisions.   And when it is shown that a corner was established by the government surveyors, its location cannot be changed by evidence showing that it is incorrect.   But the question here is, where was the government corner located? That is the only question in the case.   To determine this the court may examine all the facts tending to show the original location.   Thus, the quantity of land returned as being contained in the several subdivisions of sections 29 and 30 is evidence tending to show the correctness of the survey and location of the lines.   It is true this evidence would not prevail against proof of the location of a corner, but in the absence of such proof it may be considered. Thus, in this case we find that the plaintiff purchased and has title to one hundred and twenty acres of land; that the defendant purchased lot 2 in the N. W. $\frac{1}{4}$ of section 29, which contains $41\frac{20}{100}$ acres.   If the plaintiff should obtain the land she is seeking to recover, she would obtain nearly 140 acres, while the defendant would obtain but little more than one-half of the amount purchased and paid for by him.

The field notes also may be considered where a government corner is destroyed or its existence is in dispute; so with plats of the government survey.   All these are finger-boards, as it were, which point in the direction of the original corner as located by the surveyors.   The court will then weigh carefully all the evidence presented, and determine the fact.   In this case we think that the court below was fully justified from the evidence in finding, as it must have done, that the stone 52 rods east of the true line was not placed there by the government surveyors, and in proceeding thereupon to determine from the evidence the true location.

There are strong equities in favor of the defendant, and

justice as well as law approves the judgment of the court below, which is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.