40  307
f43  666

MARY C. WOODS v. DANIEL P. WEST.

FILED MAY 2, 1894.   No. 4181.

1. **Boundaries:** LOCATION OF GOVERNMENT CORNERS: EVIDENCE. Field notes and plats of the original government survey are competent evidence in ascertaining where monuments are located, in case a government corner is destroyed, or the point where it was originally placed cannot be found, or the location of the original corner is in dispute; but when it is shown by uncontradicted evidence that a section corner was located by the government surveyors at a certain point, such location must control, even though it is at a place different from that given in the field notes and plat.

2. ———: ———: REVIEW. Evidence examined and considered, and *held* to support the finding of the jury.

REHEARING of case reported in 37 Neb., 400.

*L. W. Colby, J. P. Lindsay,* and *Pemberton & Bush,* for plaintiff in error.

*McClure & Anderson* and *W. S. Morlan, contra.*

NORVAL, C. J.

An opinion was filed in this case at the January term, 1893, which is reported in 37 Neb., 400, 56 N. W. Rep., 30. A rehearing was afterwards, at the September term,

granted on the application of defendant in error, and the cause has been again submitted for our consideration.

Daniel P. West and Mary C. Woods own adjoining lands, and the pending litigation grew out of a dispute concerning the exact location of the division line. The sole ground of contention between the parties was, and is, as to the actual location of the original government corner common to sections 8, 9, 16, and 17, town 1, range 21 west, in Furnas county, for that would determine and set at rest the boundary line between them. The lands affected by this disputed corner have, at different times, been surveyed by Joseph S. Phœbus, A. Coppom, D. S. Hasty, and C. E. Worthington, respectively. The first two surveyors named located the original government corner at the same place, which is referred to by the witnesses as the "Phœbus corner." By the survey made by Mr. Hasty the disputed corner was located several rods north and east of the Phoebus corner. The corner thus located by Mr. Hasty is known as the "Hasty corner." By the Worthington survey the corner was located about a rod distant from the Hasty corner. If the place where the United States surveyors located the section corner in controversy was not at the point which is known as the "Phœbus corner," the plaintiff below had no cause of action. If, upon the other hand, what is known as the "Phœbus corner" is the real government corner, it is conceded by defendant below that plaintiff was entitled to recover, since at the commencement of the trial the parties stipulated "that, if the jury find the orginal government corner to be at the corner known as the 'Phœbus corner,' they should find for the plaintiff; if they find that the corner is at or near the corner known as the 'Hasty corner,' or 'Worthington corner,' they shall then find for the defendant." The jury, after hearing all the evidence, in accordance with the above stipulation, in addition to the returning of a general verdict for the plaintiff, made and returned a special finding as follows:

"We further find the government corner of sections 8, 9, 16, and 17, town 1, range 21, is the corner known as the 'Phœbus corner.'"   On the former hearing, the judgment of the district court was reversed on the ground that the verdict was against the weight of the testimony.   After a careful reading and consideration of the entire testimony in the bill of exceptions, we are satisfied that very important and material evidence in the record, and which we think should control the disposition of the case, was inadvertently overlooked; that the finding of the jury was correct, and the judgment below should be affirmed.

Through a long line of decisions this court has adhered to the doctrine that a finding of a trial court, or the verdict of a jury, upon a question of fact will not be disturbed, unless it shall appear to be clearly against the weight of the evidence.   It is, therefore, pertinent here only to ascertain whether the judgment below is contrary to the clear weight of the evidence; and in determining this we shall be content with merely stating the tendency of the evidence and the conclusions which should be drawn therefrom.   In the outset it should be stated that a reference to the former opinion in the case will disclose that it was based largely, if not wholly, upon the evidence of the surveyors, Phœbus, Hasty, and Worthington, a portion of the testimony of these witnesses being copied into the opinion.   The bill of exceptions contains copies of the field notes and plats of the original government survey of the township in which the lands of plaintiff and defendant are situated.   The witnesses Hasty and Worthington each located the disputed corner according to the government field notes, by running lines from recognized government corners.   There is no room for doubt that if the Phœbus corner is the point at which the government surveyors located the corner of sections 8, 9, 16, and 17, the one in dispute, then so much of the government field notes as assume to state the length of the lines of the original survey is inaccurate and unrelia-

ble.  Field notes and plats of the original survey are assumed to be correct until the contrary is shown, and they are competent evidence in ascertaining where monuments are located in case government corners are destroyed or their location are in dispute; but when it is shown by undisputed evidence that a section corner was located by the government surveyors at a distance different from that given in the field notes, they must give away.  This is the doctrine of this court as laid down in *Johnson v. Preston,* 9 Neb., 474, where it was held that "the mounds established by the government surveyors will control course and distance whenever they can be identified.  If they have been destroyed, or their existence is in dispute, their location may be determined by secondary evidence, and course and distance may be considered for the purpose of re-establishing them."  This case was cited with approval by Commissioner RAGAN in *Thompson v. Harris,* 40 Neb., 230, decided at the present term.

If we have correctly read the testimony contained in the bill of exceptions, this is not a case where the government mounds have been obliterated or destroyed, and the location of the corner is to be ascertained by secondary evidence.  The question to be determined is not where the government corner ought to have been located, but where it was in fact established.  The record before us shows that the government survey of the township was made in July, 1871.  Upon the trial, A. Coppom, a practical surveyor, testified that he found the corner in dispute, and he particularly described how it was marked, its location, and the condition it was in when he first saw it in 1871, shortly after the government survey; that he lived in the county before the government survey and for several years afterwards, and that he saw the corner more than once, and that there was no indication of another mound near.  The corner was new when witness first saw it, and consisted of a mound, four pits, and a marked stake driven into the

mound.   Mr. Hasty testified that he saw what is known as the "Phœbus corner" first in 1879, and that it had then a mound and four pits which looked like a government corner.   Plaintiff below called as witnesses A. Galerd, John T. Brown, W. H. Vining, Harvey Carpenter, E. Hanson, and O. P. West, who were early settlers of the county, and who saw the original government corner shortly after the same was located, and since, and they each testified, with positiveness, that the monument made by the government surveyors for the section corner of sections 8, 9, 16, and 17 was at the point known as the "Phœbus corner," and that the same had been recognized by every-one as the true government corner from the time of the government survey in 1871 until the Hasty survey in 1879.   One of the witnesses, Mr. Brown, testified that in 1873 he broke fire-guards and hedge-rows for another party between sections 16 and 17, with reference to what was known as the "Phœbus corner," and settlers of government land in that vicinity located their claims with reference to it.   It is not contended, nor is there a line of testimony to show, that anything was found at the places where the Hasty and Worthington corners were established to indicate that there was ever a government corner located at either point, and no witness has stated that he ever observed a government corner marking sections 8, 9, 16, and 17, except at the place known as the "Phœbus corner." If the witnesses called by the plaintiff are truthful, and knew what they were talking about, and it is fair to presume that they did know whether that was a government corner or not, the jury were warranted in finding that the corner in controversy, as located by the government survey, was at the place contended for by plaintiff below.   After a careful perusal of the testimony, we are convinced that the verdict is right, and the judgment of the court below is

AFFIRMED.