JAMES A. ANDERSON, APPELLEE, v. ESTATE OF ROBERT M.
AKINS, APPELLANT .

FILED APRIL 1, 1916. No. 18595.

1. Witnesses: COMPETENCY. A witness who has a direct legal interest
   in the result  of the litigation is not incompetent under section 335
   of the Code, if such interest is not adverse to the representative of
   the deceased.

2. ———: ———. One who is jointly interested with the plaintiff in
   a claim being prosecuted against the estate of a deceased person is
   disqualified as a witness for such claimant. But the fact that both
   claims are for services rendered to the deceased will not disqualify
   them as witnesses for each other where they are upon separate and
   distinct transactions.

3. Contracts: ACTION: PLEADING AND PROOF. The allegation that
   services were rendered by plaintiff at the request of the deceased,
   "who promised and agreed to pay plaintiff for the same," will ad-
   mit evidence of either an express or implied promise to pay for
   the services.

4. ———: ———: ———. Such allegation is supported by proof that the deceased promised to convey or devise certain property in payment for services rendered, but refused or neglected to perform such agreement.

5. **Evidence:** ACTION FOR WORK AND LABOR: MEASURE OF RECOVERY. In such case, if there is no express contract as to the value of the services to be rendered, the measure of the recovery is the actual value of the services. A witness may testify to the value of a part of such services with which he is familiar.

APPEAL from the district court for Johnson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*J. S. McCarty, H. A. Lambert* and *Hugh LaMaster,* for appellant.

*S. P. Davidson* and *Jay C. Moore, contra.*

SEDGWICK, J.

The plaintiff filed a claim in the county court of Johnson county against the estate of his uncle, Robert M. Akins, deceased. The estate appealed to the district court for that county, and upon trial by jury in that court the plaintiff secured a judgment against the estate, and the defendant has appealed.

The defendant contends that the evidence is not sufficient to support the verdict and judgment, and complains of the rulings of the court in admitting and excluding evidence, and in an instruction to the jury. The plaintiff, with his mother, resided with the deceased from the infancy of plaintiff. They were both supported as members of the family. When the plaintiff became of age he proposed to seek employment for himself. At the request of the deceased he remained and continued with the deceased for about 15 years. During that time he worked on the farm of the deceased and assisted in every way in the accumulation of the property which was held by the deceased at the time of his death.

The plaintiff's mother testified in his behalf, and the defendant objected that she was incompetent as a witness under section 7894, Rev. St. 1913. This witness, as one

of the heirs of the deceased, had a direct legal interest in the result of the litigation, but that interest was not adverse to the representatives of the deceased, and therefore did not disqualify her as a witness. *Hageman v. Estate of Powell,* 76 Neb. 514.

The defendant sought to disqualify this witness by cross-examination. She was asked whether she herself did not have a similar claim against the estate of the deceased for services rendered by her, and whether she had an understanding with this plaintiff that they should mutually assist each other in establishing their claims, and other similar questions, which were excluded by the court. The defendant now insists that this evidence would have established that the witness had a claim against the "estate arising out of the same facts and circumstances," and that this would disqualify. If the witness was jointly interested with the plaintiff in the claim that was being prosecuted, or if the two claims were so dependent upon the same facts as to amount to a joint interest in both, the objection to her testimony might be substantial, but the offer of testimony and the foundation laid therefor are far short of intimating such a condition, and we cannot say that the court erred in excluding these offers.

The petition, after alleging the services rendered by the plaintiff, contained the allegation that "said services were performed at the request of said Robert M. Akins, who promised and agreed to pay plaintiff for the same." There was no motion to make the petition more definite and certain in this respect, and the allegation was sufficient to admit evidence of either an express or an implied agreement to pay for the services. The objection that it was necessary under this allegation to prove an express contract fixing the price to be paid is without merit, and this is a complete answer to the objection to instruction No. 17. That instruction told the jury that, if the deceased agreed to leave his property to the plaintiff in consideration of the plaintiff's services, and that the plaintiff

performed the services accordingly, and the deceased neg-lected to convey or devise the property to the plaintiff, then the plaintiff could recover the value of the services. This instruction was justified by the evidence in the case.

Some of the witnesses testified that they saw the plain-tiff working for the deceased, and that the class of work was of a certain value. The defendant objects that the witnesses did not show themselves competent, and that these witnesses did not testify that the services were of equal value during the whole time of their performance. It was, of course, competent to prove by different witnesses that certain services were rendered and the value of such services. We have not found any prejudicial error in these rulings of the trial court. The evidence in regard to the value of the services is not so conclusive as to remove all possible doubt, but, upon the whole, we cannot say that the verdict of the jury is so clearly unsupported as to require a reversal.

The judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.