IN RE ESTATE OF JAMES O. BAKER.
ROY R. BAKER, APPELLEE, V. W. H. KIRWIN, ADMINISTRATOR DE BONIS NON, APPELLANT.
14 N. W. 2d 585

FILED MAY 26, 1944.  No. 31663.

*Morrow & Miller,* for appellant.

*Raymond & Sheldon, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

Appeal is taken from an allowance of the claim of Roy R. Baker against the estate of James O. Baker, deceased, for the reasonable value of services rendered the deceased during the latter years of his lifetime. Hereinafter appellant will be designated as defendant, and appellee as plaintiff. The claim was allowed in the county court and upon appeal to the district court a jury affirmed the award by returning a verdict for plaintiff in the sum of $10,950. The assignments of error are that the verdict is not sustained by the evidence and is contrary to the instructions of the trial

court; that the trial court erred in giving and refusing to give certain instructions, and in the admission of evidence; all of which we decide are without merit.

The petition on appeal to the district court alleged, in substance, that in September, 1935, plaintiff entered into an oral contract with James O. Baker to work for him and render certain services consisting of the management of his farms, general business, and personal affairs, in pursuance of which plaintiff commenced his duties on November 1, 1935, and continued in such employment until December 2, 1941, the date of the death of James O. Baker; that the reasonable value of such services rendered was $10,950, no part of which had been paid; that the claim and cause of action were just and after allowing all credits, there was due thereon $10,950 for which plaintiff prayed judgment and allowance. The answer denied generally the allegations of plaintiff's petition and alleged, in substance, that plaintiff was a nephew of deceased, and during the period mentioned lived with deceased in a family relationship; that if any services were rendered to deceased they were fully paid for during his lifetime, and that the statute of limitations barred the claim. Plaintiff's reply admitted that he was a nephew of the deceased, but denied generally all other allegations of the answer which did not admit the allegations of plaintiff's petition.

The record discloses that defendant offered no affirmative evidence disputing the evidence introduced by plaintiff, except one witness whose testimony is devoted exclusively to the question of the value of the services rendered by plaintiff. All other evidence, facts and circumstances are unanswered and uncontradicted.

Briefly, the evidence discloses that plaintiff was a nephew who had never theretofore occupied an intimate association or family relationship with deceased. He was a man of maturity and business experience, having for many years maintained a home and successfully managed an independent real estate business of substance in Chicago, Illinois, before entering the services of deceased. Because of failing

health and eyesight, the deceased had for some time previous to September, 1935, consistently importuned plaintiff to come to Mitchell, Nebraska, and assume responsibility for the management and supervision of his extensive and substantial property, business, and personal affairs. In September, 1935, upon telegraphic request of deceased, he and plaintiff had a business conference, following which the plaintiff abandoned his home and business interests in Chicago, and went to Mitchell, Nebraska, the residence of deceased, when and where he assumed such duties. Before plaintiff's arrival deceased informed many persons that his nephew was coming out from Chicago to supervise and manage his property, business, and personal affairs for him. Upon plaintiff's arrival deceased presented him to many of his friends and business associates as his nephew, of whom he had previously spoken advising them that plaintiff would thenceforth have charge of all his business affairs, all of which in the future should and would be conducted by and through plaintiff. Deceased made many and various statements and declarations to plaintiff by letters, and to other persons orally, some of which were in plaintiff's presence, clearly indicating a mutual intention that plaintiff was to be amply compensated for his services, although there appeared to be no fixed or agreed rate of compensation which he was to receive. The plaintiff satisfactorily devoted his exclusive time and effort to the services of deceased without the payment of compensation during the entire period of approximately six years, until December 2, 1941, the date of his demise, and the evidence discloses that the reasonable value of such services was at least the amount of the verdict or in excess thereof. Plaintiff's petition supported by this evidence brings the case almost squarely within the rules announced in *Anderson v. Estate of Akins*, 99 Neb. 630, 157 N. W. 334, and the authorities from other jurisdictions in similar cases.

Because of the statute (Comp. St. 1929, sec. 20-1202), which prohibits a claimant against an estate from testifying to any transactions or conversations with the deceased,

ordinarily such claims for services rendered the deceased in his lifetime must of necessity be proved in large part by declarations and admissions of the deceased made to others and by indirect and circumstantial evidence. See *In re Estate of Skade,* 135 Neb. 712, 283 N. W. 851; Dame, Probate and Administration (3d ed.) 415, sec. 404.

Statements made by deceased in his lifetime and appearing in the evidence here to the effect that he would give plaintiff an interest in his property and business, or would convey or devise property to him, while not independently enforceable and not offered here for that purpose, since this is not a suit for specific performance, were admissible to rebut any presumption that the services were rendered gratuitously and permit recovery for the reasonable value of his services. See 21 Am. Jur. 567, sec. 327; *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129; *Laughnan v. Estate of Laughnan,* 165 Wis. 348, 162 N. W. 169; *Anderson v. Estate of Akins, supra.*

The general rule is that if payment for services was to be made by a conveyance or devise of property by decedent, but he refused or neglected to perform the agreement in his lifetime, and the amount to be paid for such services was not agreed upon, then the person rendering the same is entitled to recover the reasonable value thereof. See Dame, Probate and Administration (3d ed.) 414, sec. 403; 34 C. J. S. 118, sec. 373; 24 C. J. 277; *Anderson v. Estate of Akins, supra.*

It has been held that, "A contract to pay for services rendered by a person for a decedent and his family may be implied by proof of actual performance of such services, their reasonable value, and facts, circumstances and conditions which show that it was not the intent of either decedent or claimant that such services were gratuitous." Dame, Probate and Administration (3d ed.) 415, sec. 404. In this connection, the relation of claimant to decedent is an important element to consider. The presumption of gratuity which is said to exist with reference to services rendered and received between closely related persons is entirely re-

buttable by circumstantial as well as direct evidence, and such presumption diminishes in direct proportion to the remoteness of the degree and nature of the family relationship and the character of the duties performed. If, as in the case at bar, the parties were not closely related, had not theretofore lived in an intimate family relationship, and plaintiff owed no such duties to decedent, but abandoned his independent home, property, and business to perform services of a personal and business character for deceased at his request, over a long period of time, it may be truly said that the presumption has been greatly weakened and is very slight in degree. See Dame, Probate and Administration (3d ed.) 416, sec. 405; 34 C. J. S. 106, sec. 371, and 114, sec. 371 b (6); 28 R. C. L. 682, 683; *Bell v. Rice,* 50 Neb. 547, 70 N. W. 25; *In re Estate of Skade, supra.*

Even in cases between parent and child living in an intimate family relationship where the strongest presumption prevails, it is not conclusive and recovery is permitted for services rendered if the evidence shows that they were rendered under an express contract, either written or oral, to pay for them, or where there was an implied agreement or contract to pay as when the circumstances are such that a mutual intention, understanding or expectation that the services should be paid for is a reasonable and just conclusion established by clear and satisfactory evidence. See *In re Estate of Chalupa,* 134 Neb. 918, 280 N. W. 164; 34 C. J. S. 106, sec. 371; 24 C. J. 284. The trial court submitted all these propositions in its instructions to the jury for their decision in a manner favorable to defendant rather than prejudicial, and the verdict is amply sustained by the evidence.

Defendant complains that instructions No. 6 and No. 7 given by the trial court were conflicting. Instruction No. 6 in substance told the jury that the burden was upon plaintiff to prove all of the material allegations of his petition by a preponderance of the evidence, while instruction No. 7 advised the jury that plaintiff must prove certain specific propositions by clear, satisfactory, and unequivocal evi-

dence. We cannot find that these instructions were conflicting. "Preponderance" is a measurement of the comparative weight or quantity of the evidence. On the other hand, "clear, satisfactory, and unequivocal" is definitive of the kind or quality of the evidence of which plaintiff must adduce a preponderance. The evidence here is clear, satisfactory, and unequivocal, and uncontradicted. Therefore, defendant could not have been prejudiced thereby in any event.

Complaint is also made that instruction No. 14 given by the trial court erroneously submitted the question of the statute of limitations in the disjunctive rather than the conjunctive form. With reference to the statute of limitations, there is a well-settled applicable rule which has been approved by this court in similar cases to the effect that, where services are rendered under a contract of employment which does not fix the term of service or the time for payment, the contract is continuous and the statute of limitations does not commence to run until the employee's services are terminated, which in the case at bar would be upon the demise of James O. Baker by whom plaintiff was employed. See *Phifer v. Estate of Phifer,* 112 Neb. 327, 199 N. W. 511; *In re Estate of Skade, supra.* See, also, *Harmon v. Smitch,* 86 Ind. App. 527, 157 N. E. 284, which cites and relies upon the *Phifer* case. Speaking technically, instruction No. 14 should have been stated in the conjunctive, but at most it was a grammatical error which could not be prejudicially erroneous since the uncontradicted evidence clearly shows that there was no fixed term of service or time for payment, and that plaintiff in fact rendered the services continuously to the time of his employer's demise.

We have examined the other instructions given by the trial court and find no error prejudicial to defendant in any of them. We have also examined defendant's requested instructions and find that their substance either appears in other instructions given to the jury or that they were properly refused.

Error is also assigned because of the alleged erroneous

admission of certain evidence as in violation of the prohibition contained in section 20-1202, Comp. St. 1929. As to a part thereof, which we will not detail here, it was either stricken from the record by the trial court during the trial or there was no proper objection made thereto by defendant, and its incompetency will be treated as waived. See *Hansen v. Estate of McDougal*, 126 Neb. 538, 253 N. W. 674. Over objection, however, plaintiff was permitted to testify concerning the duties which he performed in connection with certain described properties. For example, plaintiff testified concerning what he did in connection with the management, rentals, sales, and improvement of certain described real properties, and the purchase and sale by him of certain stock placed and kept thereon; also concerning the receipt and expenditure of moneys in connection therewith which were under his personal direction and control. There is, however, no direct evidence by plaintiff that deceased participated in any of these acts by either conduct or conversation, or that they were performed in consequence of a contract of employment with, or done for, or at the request of, deceased.

The general rule is that, "the adverse party may testify to any fact which is not either a transaction, a communication or a statement of the deceased or incompetent person, even if it is material to the case, unless the statute expressly makes him incompetent as to facts equally within the knowledge of the deceased or incompetent person." Jones, Evidence (Pocket ed.) 986, sec. 786. See, also, 5 Jones, Commentaries on Evidence (2d ed.) 4376, sec. 2265. It is also held that a person who has filed a claim against the estate of a deceased person for services performed under a contract is not incompetent to testify to independent acts which he performed when the deceased did not participate. See 5 Jones, Commentaries on Evidence (2d ed.) 4376, 4382, sec. 2265. See, also, *Fitch v. Martin*, 74 Neb. 538, 104 N. W. 1072, for application of the rule both by word and illustration applicable here. In that opinion the court said: "Where the act was one with which the deceased had

no personal connection so far as disclosed by the evidence of the interested witness, it is admissible, if it tends to establish the truth of the claim he makes; but, if any act or conversation of the deceased is involved, the statute excludes it." We find that the trial court observed and correctly applied this rule in the case at bar. Further, we find no violation of the rule announced in *Fitch v. Martin,* 83 Neb. 124, 119 N. W. 25, to the effect that in giving such testimony, "it is not proper for his counsel to interrogate claimant on the assumption that such services were performed for the deceased."

It is contended that the trial court erroneously permitted plaintiff's sister-in-law, and a niece, who lived in the same household with him while in Chicago, to testify concerning the contents of certain letters and a telegram sent by deceased to plaintiff. Therein deceased informed plaintiff of his failing health and eyesight, and repeatedly urged plaintiff to come to Mitchell, Nebraska, and assume responsibility for his property, business, and personal affairs, for which plaintiff would be well recompensed. The substance of the telegram, sent in September, 1935, was that the funeral of a relative would be held at Morrison, Illinois, and plaintiff was urged to come to the funeral because deceased had important business matters to talk over with him.

As a foundation for this testimony, the sister-in-law testified that regularly every week or two for several years while plaintiff lived in the same household, she personally received from the hands of the mailman who delivered mail to her home, many letters written by deceased to plaintiff. She identified the signature of the deceased and testified that she, by permission, had read some of the letters and remembered their contents. She also testified that she read the telegram and that plaintiff went to Morrison, Illinois, in response thereto. Her evidence is that the letters and the telegram were later burned; that she was present when they were destroyed and assisted in carrying some of them to the basement for that purpose. The niece also gave like testimony but she was unable to identify the signature of the de-

ceased and did not personally see or know that the instruments were destroyed, although she did make a search and was unable to find them. Plaintiff himself did not seek by his own testimony to prove either the execution, receipt, destruction, or contents of the particular instruments involved so as to bring the case within the rule announced in *Owens v. Reed*, 141 Neb. 796, 4 N. W. 2d 914, relied upon by defendant.

Of course, the rule is that secondary evidence of the contents of a letter or telegram, the original of which would have been competent evidence, cannot be given unless some legal excuse is shown for failing to produce the original. If it is shown by satisfactory proof that the originals have been lost or destroyed one of the principal objections to secondary evidence at once disappears and such evidence becomes admissible. Their loss or destruction need not be proved beyond the possibility of mistake as the court is vested with a judicial discretion in the matter and it is enough if the testimony satisfies the court of the fact with reasonable certainty. If they are accidentally destroyed by a party without fault secondary evidence may be given of their contents, and even if their destruction is voluntary secondary evidence of their contents may be given if the circumstances accompanying the act are free from suspicion of intent to defraud and consistent with an honest purpose. See Jones, Evidence (Pocket ed.) 245, sec. 200, 262, sec. 212, 266, sec. 214, 270, sec. 217; 32 C. J. S. 719, sec. 792b, 751, secs. 822, 823, 752, sec. 824, 771, sec. 842. Ordinarily the rule is that their loss or destruction should be proved by the last custodian of the instruments unless his absence is satisfactorily explained or his disqualification appears, as in cases like the one at bar, in which event the proof may be made by any competent witness who has knowledge of the facts. See 32 C. J. S. 768, sec. 839.

Clearly the original letters themselves would have been admissible if available, and the evidence of the witnesses who read the letters and the telegram and remembered their contents, and knew of their destruction many years

before the litigation under such circumstances as to negative any fraudulent design, could properly testify as to their contents.

Finally, defendant contends that the trial court erroneously permitted certain of plaintiff's witnesses, without the necessary qualifications, to give their opinion of the reasonable value of the services rendered by plaintiff. Their evidence discloses that they were competent, substantial, and experienced farmers, ranchers, feeders, bankers, or real estate agents, all of whom had been business associates and personal friends of the deceased for many years. They were all generally and some intimately acquainted with the extent of his property and business, and with the duties performed for him in connection therewith by plaintiff.

In this connection, the opinion of a qualified witness as to the value of the services is admissible to prove such value when his testimony will aid the jury and this question is within the judicial discretion of the trial court to decide, and rulings thereon will not be reversed except in case of manifest error. See 32 C. J. S. 279, sec. 545. A witness who has observed the services rendered and has sufficient familiarity with services of that nature to form a reasonable opinion as to their value, is qualified. He need not be an expert in the strict sense of that term if he is shown to be better equipped to determine the value of the services than the jury or men in general. Also, persons engaged in performing services of the same character as those to be valued, and persons who have knowledge of the business in and for which the services have been rendered, and of their value, may give their opinion as to the value of the services. See 32 C. J. S. 320, sec. 545 (2) ; 20 Am. Jur. 757, sec. 901; *Anderson v. Estate of Akins, supra.* We can only find that the evidence of these witnesses was properly admitted.

There are other assignments of error but we do not deem it necessary to discuss them here since they are without merit. We do not find any error in the record prejudicial to defendant, and, therefore, the judgment of the trial court is affirmed.

AFFIRMED.