IN RE ESTATE OF SOPHIE JELINEK.
MARY HAZUKA, APPELLANT, V. ESTATE OF SOPHIE JELINEK
ET AL., APPELLEES.
20 N. W. 2d 325
FILED OCTOBER 19, 1945. No. 31923.

J. J. Krajicek and S. L. Winters, for appellant.

Fitzgerald, Tesar & Welch, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER. MESSMORE, YEAGER, and CHAPPELL, JJ.

SIMMONS, C. J.

Plaintiff filed a claim for money loaned against the estate of Sophie Jelinek. Hearing was had in the county court and the claim disallowed. Plaintiff appealed to the district court. Defendants, in the district court, moved to dismiss the appeal on the ground that the transcript was insufficient to confer jurisdiction. The trial court overruled the motion. Issues were made in the district court and trial had. At the close of plaintiff's case in chief, on motion of the defendants, the trial court dismissed the action. Plaintiff appeals and defendants cross-appeal. We sustain the judgment of the trial court on the matter of jurisdiction and reverse its judgment of dismissal of the cause.

The transcript of the county court, which was filed in the district court, shows the following proceedings in that court.

A petition was filed for the appointment of an administrator of the estate of Sophie Jelinek, deceased. Letters of administration issued, and the administration of the estate proceeded. Mary Hazuka, hereinafter called the plaintiff, filed a claim for money loaned to the deceased in the amount

of $560.82. The administratrix filed objections to the allowance of the claim. Hearing was had and the claim was disallowed. Rose Tesnohlidek, a sister of plaintiff, James Jelinek and Joseph Jelinek, brothers of the plaintiff, each filed separate claims, similar as to form and substance. Separate similar objections were filed by the defendant administratrix, and separate and similar orders entered. There was also a claim for labor filed by John Tesnohlidek, husband of Rose, to which objection was made and the claim disallowed. Each of the parties gave separate appeal bonds.

The county judge combined the proceedings in one transcript, to which one certificate was attached. It was filed in the district court under the title, "In the Matter of the Estate of Sophie Jelinek, Deceased."

Thereafter, the defendants in the district court filed a motion to dismiss the appeal of the claim of the plaintiff, for the reason that she had failed to confer jurisdiction upon the court; that the court was without jurisdiction to hear the matter, and, in the alternative, to dismiss the claim for the reason that plaintiff had failed to file a petition as required by statute. Separate similar motions were filed as against each of the other claims. The trial court by one order overruled these motions.

Defendant by cross-appeal contends that the trial court erred in overruling the motion to dismiss the appeal of plaintiff, and urging that it was necessary for each claimant to file a separate transcript with reference to each claim in order to confer jurisdiction upon the district court.

Section 30-1601, R. S. 1943, provides for an appeal from any final order, judgment, or decree of the county court. Section 30-1605, *supra*, provides that when such appeal is taken, the county court shall, on payment of his fees, transmit to the clerk of the district court a certified transcript of the record and proceedings relative to the matter appealed from. Section 30-1606, *supra*, provides that upon the filing of such transcript in the district court, that court shall be possessed of the action, and shall proceed to hear, try and determine the same, in like manner as upon appeals brought

upon the judgment of the same court in civil actions. Other procedural steps are not in issue. Section 30-1608, *supra*, provides that if a claimant, appealing on account of disallowance of his claim, shall fail to enter such appeal in the district court as required, the district court may dismiss the appeal.

The five claims included in the transcript were treated by the parties as separate distinct claims in the county court and in the district court. It is not contended that the transcript of the county court failed to set out in any particular any of its record and proceedings relative to the claim of this plaintiff. The inclusion of other matters not necessary to her appeal did not prevent the vesting of jurisdiction in the district court and did not require that court to dismiss the appeal. We find the cross-appeal to be without merit.

In her petition in the district court plaintiff alleged that Joseph Jelinek died May 18, 1939, leaving surviving his widow Sophie, and four children, Joseph and James Jelinek, Mary Hazuka and Rose Tesnohlidek; that his estate was probated and a residue of personal estate, amounting to $2,243.28 was equally divided among the four children; that on January 16, 1940, this plaintiff loaned to Sophie Jelinek the sum of $560.82 (the one-fourth of the residue) that under an oral agreement the latter agreed to repay to the plaintiff; that Sophie Jelinek died January 27, 1943; and that the payment was not made. She prayed judgment for that amount.

Defendant estate and administratrix answered admitting the death of Joseph and Sophie Jelinek and the survivorship of the four children of Joseph. It further was alleged that Joseph, by his will which was probated, devised real estate to his widow and the residue to his four children; that an agreement was entered into between the widow, Sophie Jelinek, and the plaintiff, whereby the widow agreed to renounce her claim for a widow's allowance, homestead rights, and to take by statute if plaintiff would make provision for her support; and that pursuant to said arrangement plaintiff voluntarily gave said sum of money to Sophie Jelinek as

a gift and not as a loan. Payment also was pleaded. The reply was a denial.

We review the evidence in the light of the rule often stated by this court that "A motion for a directed verdict must, for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and said party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the facts in evidence." *Kline v. Metcalfe Construction Co.,* ante, p. 389, 19 N. W. 2d 693.

Plaintiff contends that she offered competent and sufficient evidence to sustain the following factual situation.

The home property was devised by the father of plaintiff to the deceased, who was the stepmother of plaintiff. It consisted of a large house and a lot. The stepmother did not desire to live there alone. She went to live with the plaintiff. There was a family meeting one night in July, 1939, at which were present the four children of Joseph Jelinek, a son-in-law and a daughter-in-law, and the stepmother. The stepmother proposed that the children loan her the residue of the estate so that she could build a small house upon the rear of the property and there have a home. The four children agreed that each would loan his share to her for that purpose, and she agreed to repay them. When the estate was closed, the residuary share of each amounted to $560.82. Checks were made out for that amount to each of the children. Plaintiff endorsed her check and it was delivered to the stepmother, who cashed it and received the money. The claims of the other sister and two brothers are based upon similar oral agreements had with each and similar dispositions of their individual shares of the residue.

Plaintiff to sustain her position offered her brother James as a witness, it being admitted that he had a similar claim pending against the estate. He was asked to repeat the conversation had at the family conference. Objection was made that he was an incompetent witness. The objection

was based upon section 25-1202, R. S. 1943. He was permitted to testify, subject to a motion to strike. He testified as to a conversation between his sister, the plaintiff, and the stepmother. He stated that the stepmother asked for the loan to build the home; that plaintiff told her stepmother the children would lend her the money to build the house; that she was willing to lend her share; that the children talked it over and agreed to loan her the residue of the estate; and that the plaintiff and the others endorsed their individual checks for the residue and they were delivered to the stepmother. The trial court refused to permit the witness to testify as to what the stepmother said with reference to how or when she would pay the money back, and denied an offer to prove by the witness that she said she would pay it back.

The defendants then moved to strike the testimony of the witness for the reason that it was "within the limitation of the dead man's statute." The court reserved a ruling at the time.

Plaintiff next offered the testimony of Leo Hazuka, her husband. Over objections of the defendants, he was permitted to testify that the stepmother said she would like to build a cottage on the rear of her property and would do so if the children would lend her the money; that they talked it over and agreed to do so; that the plaintiff agreed to lend her the money out of the residue of the estate; that the stepmother said, "I will pay you back"; and that later on the stepmother expressed her appreciation of the loan from the plaintiff.

Plaintiff then offered her sister, Rose Tesnohlidek, as a witness. She likewise had a claim pending against the estate based on the same set of facts. Objection was made by the defendants to her testimony as "incompetent under the dead man's statute." The objection was overruled. She testified as to the family conversations that plaintiff decided to lend the stepmother $560.82 out of the residue; that they all agreed to do the same thing and loaned the money without any note because the stepmother promised to "remem-

ber us in her will"; and that the stepmother repeatedly said "she would take care of us after her death" and "would see that we got the money back."

At the close of plaintiff's case in chief, defendants moved for a directed verdict. The motion in effect was that the plaintiff had not offered any competent evidence that she had made a loan to the stepmother and had in fact made a gift of the money to her, and had failed to sustain the burden of proof. The trial court then struck the testimony of the witness, James Jelinek, on the ground that his testimony was a conversation with a deceased person by one interested in the matter; that the loan was of one fund in which each of the children had a separate interest; and that the several claimants were incompetent to testify. The court then sustained the motion to dismiss the case and entered an order doing so.

Plaintiff assigns as error the order of the court striking the testimony of James Jelinek and the order of dismissal.

In these rulings we are of the opinion that the trial court erred.

So far as applicable here, section 25-1202, R. S. 1943, is as follows: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, * * * ."

The question here presented is: Do the witnesses whose evidence has been reviewed have a direct legal interest in the result of this litigation. In *Sorensen v. Sorensen,* 56 Neb. 729, 77 N. W. 68, a similar question was presented. It there was pointed out that by the provisions of the statute (now section 25-1201, R. S. 1943), except as therein stated, every person is a competent witness in any case, civil or criminal; that the reasons for disqualifying a witness must be found in express provisions of the law; and that a witness is not to be disqualified by a strained or strict construction of a statute. It there was held that to render the testimony incompetent it is not enough that the witness be interested in

the result, but such interest must be a right or an obligation recognized by law, and such as the final judgment in the proceeding would confirm or deny to the witness, or such as would enable the judgment to be used in another action in support of or against the alleged right or interest of the witness. It further was held: "The true test is, as it was at common law, will the witness gain or lose by the direct legal operation and effect of the judgment or final order rendered in the proceeding in which the testimony is offered, or will the judgment pronounced in that proceeding be legal evidence for or against the witness in some other action?" See, also, *Tecumseh National Bank v. McGee,* 61 Neb. 709, 85 N. W. 949; 70 C. J., sec. 262, p. 195; sec. 319, p. 252, and sec. 321, p. 254.

Tested by the above rule, it is quite apparent that the witnesses, whose testimony has been reviewed, were competent and that the trial court erred in striking the testimony of James Jelinek and in holding the testimony of the others to be incompetent to establish plaintiff's cause.

Each case, of course, rests upon its own set of facts, and for that reason an exhaustive review of our many decisions applying this statute will not be made. The competency of the witnesses and their testimony is too clear to require it. We think the conclusion reached in *Oft v. Ohrt,* 128 Neb. 848, 260 N. W. 571, definitely establishes the competency as witnesses of James Jelinek, the brother, and Rose Tesnohlidek, the sister. See, also, 145 A. L. R. 568.

To sustain the trial court, defendants rely principally upon the following language in *Anderson v. Estate of Akins,* 99 Neb. 630, 157 N. W. 334: "If the witness was jointly interested with the plaintiff in the claim that was being prosecuted, or if the two claims were so dependent upon the same facts as to amount to a joint interest in both, the objection to her testimony might be substantial, * * * ." This decision does not support the defendants' position, and that for two reasons. The facts as testified to by the witnesses do not bring this case within that language. Here the wit-

nesses were not jointly interested in the claim. Admittedly the claims were dependent, in part, upon the same facts but not so as to amount to a joint interest in both. It also is patent, from a reading of the opinion, that this court there posed a proposition which "might be substantial" but did not decide it because it was not presented.

Defendants further argue that the witness, James Jelinek, was incompetent because he was liable for costs and this court has held that such a liability is a direct legal interest, citing *Ransom & Co. v. Schmela*, 13 Neb. 73, 12 N. W. 926, and *Smith v. Perry*, 52 Neb. 738, 73 N. W. 282. This contention rests upon the fact that the instant claim, together with the claims of the witness and others, was included in one transcript and docketed in the district court under one title. However, it appears that during the progress of this litigation the trial court on motion of the claimants found that the cases should be separated and redocketed, and authorized that to be done. Obviously, it was done. Each party then has a liability for the costs in his own case. It does not appear that the witness had any liability for the costs in the instant case.

Defendants do not here contend that the witness, Leo Hazuka, husband of the plaintiff, is an incompetent witness, but rather seem to contend that his testimony becomes of no value because of the variance between it and that of the witness, Rose Tesnohlidek. The testimony of the latter witness was competent to be considered in support of plaintiff's claim of a promise to repay. See *Anderson v. Estate of Akins, supra; In re Estate of Skade,* 135 Neb. 712, 283 N. W. 851; *In re Estate of Baker,* 144 Neb. 797, 14 N. W. 2d 585.

The trial court erred in striking the testimony of James Jelinek, in refusing the offer of his evidence herein referred to, and in failing to consider the testimony of Rose Tesnohlidek and Leo Hazuka as competent to support plaintiff's cause. The evidence was competent and sufficient to take the issue to the jury.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

WENKE, J., participating on briefs.