THE COMMONWEALTH COMPANY, A CORPORATION, APPELLEE,
v. ROBERT D. FAUVER, APPELLANT.

101 N. W. 2d 150

Filed February 19, 1960. No. 34698.

*Nelson, Harding & Acklie,* for appellant.

*Ginsburg, Rosenberg & Ginsburg* and *Norman Krivosha,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Lancaster County in an action brought by The Commonwealth Company, a Nebraska corporation, to foreclose a chattel mortgage on a 1957 Ford Tudor automobile owned by the defendant, Robert D. Fauver, and to hold said defendant personally liable for any deficiency owing on his debt to plaintiff, for which the chattel mortgage on the automobile was given as security, after the net proceeds from the sale of the car are applied thereon. The debt is evidenced by a negotiable promissory note in the principal amount of $2,777.25 which is payable in 36 installments. Defendant filed an answer and cross-petition in which he alleged the negotiable promissory note set out in plaintiff's petition was a loan made by plaintiff to finance the balance defendant owed on the 1957 Ford Tudor, which he had purchased from N. E. Copple, and, since the terms of said note violated the laws of Nebraska relating to loans by industrial loan and investment companies, it was void and uncollectible. Trial was had and the trial court found for the plaintiff and rendered judgment accordingly. Defendant then filed a motion for new trial and has perfected this appeal from the overruling thereof.

Appellee was, at all times herein material, chartered and licensed to do business in this state as an industrial loan and investment company under the provisions of Chapter 8, article 4, R. R. S. 1943, and had its principal place of business located in Lincoln, Nebraska.

Consequently, if the indebtedness here sought to be enforced was in fact a loan, it was subject to the limitations and restrictions of the act relating thereto and, if in violation thereof, is void and uncollectible. See § 8-432, R. R. S. 1943. On the other hand if the note was given to pay the amount owing on a bona fide time sale then the limitation and restriction of the act would have no application thereto. The question then, as put by the appellant, is, was the purchase of the automobile by the defendant Robert D. Fauver a bona fide time sale transaction or was it on a cash basis and a loan made to pay the balance thereof?

This court has frequently stated that in cases of this type it is not bound by the form of the transaction but will look through the form thereof to the real substance. State ex rel. Spillman v. Central Purchasing Co., 118 Neb. 383, 225 N. W. 46; State ex rel. Beck v. Associates Discount Corp., 162 Neb. 683, 77 N. W. 2d 215; McNish v. General Credit Corp., 164 Neb. 526, 83 N. W. 2d 1. However, there is no presumption against the validity of such a contract merely because it arises out of the sale of an automobile. State ex rel. Beck v. Associates Discount Corp., 168 Neb. 298, 96 N. W. 2d 55. The burden of proof to show the nature of the transaction is on the appellant, since he claims it was a loan. McNish v. General Credit Corp., *supra*. The action being one in equity we will consider the record de novo.

We recently restated in Robb v. Central Credit Corp., *ante* p. 505, 100 N. W. 2d 57, that: "An automobile dealer may in good faith sell a car on time for a price in excess of the cash price without tainting the transaction with usury, though the difference in prices may exceed lawful interest for a loan. * * * in order to have the foregoing principle apply it must appear that the buyer actually was informed of and had the opportunity to choose between a time sale price and a cash sale price."

Newton E. Copple, also referred to as N. E. Copple,

was, at all times herein material, engaged in the sale of new and used cars at 500 North Forty-eighth Street in Lincoln, Nebraska, under the name of Copple Brothers Motors. During the evening of Saturday, July 27, 1957, the appellant came to N. E. Copple's place of business and, after first conferring with a salesman, finally met N. E. Copple and negotiated with him for the purchase of the 1957 Ford Tudor herein being foreclosed. As to just what happened thereafter the testimony of these two parties is in irreconcilable conflict. In view thereof the following has application: "In an action in equity where the evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." Nitzel & Co. v. Nelson, 144 Neb. 662, 14 N. W. 2d 197.

From a careful reading of the record we can understand why the trial court came to the conclusion that it did for we are of the same opinion, that is, that N. E. Copple's testimony correctly reflects what actually happened during the negotiations and sale of the car to appellant. In view thereof we will not set out the testimony of appellant in conflict therewith.

The record shows that on the evening of Saturday, July 27, 1957, N. E. Copple gave appellant both a cash and time sale price on the 1957 Ford Tudor, both offers being made on the basis that appellant would be given a trade-in allowance of $445 for his 1951 Mercury. Appellant did not accept either offer at that time but came back on Monday, July 29, 1957, and accepted the time sale price offer. He then signed all necessary instruments for this purpose, including the note involved in this action and the chattel mortgage which is herein being foreclosed. The instruments which appellant signed on July 29, 1957, were fully completed when he signed them and he had the opportunity to examine

them if he so desired. They set forth the total amount he was owing on the deal as $2,777.25 payable in monthly installments as follows: 20 at $70, 15 at $90, and 1 at $27.25. Without going into more detail we think the record establishes that the obligation herein involved grew out of a bona fide time sale and that, because thereof, the limitations and restrictions contained in Chapter 8, article 4, R. R. S. 1943, have no application thereto.

On Wednesday, July 31, 1957, N. E. Copple sold the note and chattel mortgage to appellee for a consideration of $2,340. S. E. Copple, father of N. E. Copple, is the president and principal stockholder of appellee. The record discloses that all the officers and stockholders of appellee are members of the S. E. Copple family. However, the record also shows that neither S. E. Copple nor appellee ever had any interest in N. E. Copple's business nor that N. E. Copple ever had any interest in appellee. It is apparent they deal with each other on an ordinary business basis.

Having paid a valuable consideration for the note and mortgage and the same not having been paid by appellant according to its terms and being in default, the appellee was and is entitled to the relief granted it by the trial court. We therefore affirm the judgment of the trial court.

AFFIRMED.