TRAILMOBILE, INC., A CORPORATION, APPELLEE, V. WILBUR
L.. HARDESTY, APPELLANT.

112. N. W. 2d 535

Filed December 22, 1961.   No. 35028.

*Loren G. Olsson* and *Dwight Elliott,* for appellant.

*Wells, Martin, Lane, Baird & Pedersen* and *Lawrence W. Rice,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action to recover the deficiency remaining after the repossession and sale of two trailers purchased upon a conditional sale contract. The appellee, Trailmobile, Inc., was the plaintiff in the district court and the appellant, Wilbur L. Hardesty, was the defendant.

The petition alleged the sale by the plaintiff to the defendant of two 38-foot stock trailers upon a conditional sale contract; the execution and delivery to the plaintiff by the defendant of a promissory note payable in installments; the default of the defendant and the repossession and sale of the trailers by the plaintiff; and the balance due on the note and contract and the expense incident to the repossession and sale of the trailers. The defendant's answer and cross-petition alleged that the transaction was in violation of the Nebraska Installment Loan Law and, therefore, void and sought recovery of the amounts paid to the plaintiff by the defendant. The reply was a general denial.

A pretrial order limited the issues to the following: (1) Whether at the time of the sales transaction of the trailers in question two sales prices were quoted to the plaintiff, i. e., one cash and one time, or whether only one price, namely, a cash price, was quoted; and (2) if the contract is determined to be a valid contract whether skip tracer fees and repossession charges and expenses are valid items of damage.

The jury returned a general verdict for the plaintiff and special findings that during and as part of the sale transaction the defendant was actually informed that there was both a cash sale price and a time sale price; and that the plaintiff during and as part of the sale transaction did not agree that it would finance the unpaid balance of the purchase price.

The defendant's motion for judgment notwithstanding the verdict or for a new trial was overruled and he has appealed.

The defendant's assignments of error are in effect that the evidence does not sustain the verdict and judgment for the plaintiff; that the court erred in overruling the defendant's objections to testimony concerning the expense incident to repossession of the trailers; and that the defendant is entitled to judgment as a matter of law upon his cross-petition.

In determining the sufficiency of evidence to sustain a verdict it must be considered most favorably to the successful party, that is, every controverted fact must be resolved in his favor and he is entitled to have the benefit of every reasonable inference which may be deduced therefrom. Harris v. Pullen, 169 Neb. 298, 99 N. W. 2d 238.

The defendant is engaged in the livestock-hauling business at Henry, Nebraska. In June 1958, the defendant and his son, Robert Hardesty, called at the plaintiff's office in Denver, Colorado, and talked with George Richter, one of the defendant's salesmen. Richter did not testify in person or by deposition. The defendant testified that Richter quoted a price of $21,892 for the trailers that the defendant was buying, "financial charges" of $2,460, and a trade-in allowance of $5,492. Robert Hardesty testified that the "carrying charges" were computed by multiplying the difference between the price of the new trailers and the trade-in allowance by 5 percent and then multiplying that figure by 3. The defendant signed a written sales order which listed the "price of trailer" as $22,000; "5% - 3 yrs" as $2,460; and "grand total" as $24,460. The sales order also contained an agreement for the defendant to pay $18,860 ($24,460 less $5,600 trade-in allowance) in 35 monthly installments of $524 and a final installment of $520.

In October 1958, the defendant returned to the plaintiff's office in Denver to take delivery of the trailers which had been constructed by the plaintiff pursuant to the defendant's order. At that time the defendant talked with Lawrence W. Durance, the office manager of the plaintiff's Denver office. Durance testified that the defendant signed the conditional sales contract, the promissory note, and a certificate of purchaser in his presence. Durance testified that it is his practice to hand each document to the purchaser individually and go over the document with the purchaser. The certificate of purchaser is a printed statement which recites

that a cash sale price and time sale price were quoted to the purchaser before the execution of any instrument relating to the purchase; that the purchaser was given an opportunity to choose to pay the cash sale price but has elected to purchase at the time sale price; and that the transaction constitutes a bona fide time price sale agreement and not a loan of money to the purchaser. Durance testified that on the certificate of purchaser he points out that there is an option to pay cash which is designated under the cash sale price; that there is a time sale price figure also; and that the difference is the "finance charge."

In June 1959, the defendant was behind in his payments and the plaintiff notified the defendant that unless the payments were made the trailers would be repossessed. On June 12, 1959, the plaintiff repossessed the trailers. On July 6, 1959, the plaintiff notified the defendant that the trailers would be sold at auction and the defendant held liable for any deficiency remaining. The trailers were sold at auction on July 17, 1959, and were purchased by the plaintiff. Thereafter the plaintiff sent a statement to the defendant showing a deficiency of $2,322.92 due the plaintiff.

The defendant's theory of the case is that the transaction was not a valid time sale but was a cash sale and that the plaintiff agreed to finance the balance of the cash purchase price; and that the plaintiff's agreement to finance the balance of the cash purchase price constituted a loan to the defendant.

The question of whether a transaction is a bona fide time sale or actually the financing of the balance of a cash purchase price is a question of fact. State ex rel. Beck v. Associates Discount Corp., 168 Neb. 298, 96 N. W. 2d 55. There is no presumption that the contract is invalid and the burden of proof is on the defendant to show that the transaction is a loan. Commonwealth Co. v. Fauver, 169 Neb. 795, 101 N. W. 2d 150.

A truck dealer may in good faith sell a truck on time

for a price in excess of the cash price without tainting the transaction with usury, even though the difference in the two prices may exceed lawful interest for a loan. McNish v. General Credit Corp., 164 Neb. 526, 83 N. W. 2d 1. A time sale made in good faith at a price in excess of a cash price, which time price is arrived at by schedules furnished by a finance company which solicits contracts so entered into between a purchaser and a dealer, may not necessarily be regarded as being tainted with usury even though the difference exceeds the lawful rate of interest for a loan. McNish v. Grand Island Finance Co., 164 Neb. 543, 83 N. W. 2d 13. In order to have the foregoing principles apply it must appear that the buyer actually was informed of and had the opportunity to choose between a time sale price and a cash sale price. It is not enough to merely show that the instruments signed evidencing the indebtedness refer to a time price or time differential when, in fact, the buyer was never quoted a time sale price as such. McNish v. General Credit Corp., *supra*.

This is an action at law and the question before the court is whether the evidence is sufficient to support the verdict. The function of this court in determining whether or not a verdict has been sustained or whether or not there is sufficient evidence for submission to a jury is not to weigh the evidence, but to ascertain whether or not there is evidence to sustain the verdict of a jury in the exercise of its function as the trier of the facts. Johnston v. Robertson, 171 Neb. 324, 106 N. W. 2d 192.

In McNish v. Grand Island Finance Co., *supra*, in the first cause of action, the purchaser was quoted a price of $17,246.40 for a new truck and offered a trade-in allowance of $6,000 for a house trailer, leaving a balance of $11,246.40. The purchaser then advised the seller that he wanted time in which to pay the balance of the purchase price, and 24 months was agreed upon for that purpose. The seller then computed what the payments

would be on a 24-month basis and advised the purchaser of the amount it would take to buy the truck if he wanted 24 months in which to pay. On these facts this court concluded that the agreement involved was a bona fide time price sale agreement.

The testimony of the defendant in this case as to what took place in the June 1958 conversation between the defendant and Richter, the plaintiff's salesman, at Denver is substantially the same as the facts involved in the first cause of action in McNish v. Grand Island Finance Co., *supra*. In other words, the jury in this case could properly find that Richter quoted the defendant a cash price of $21,892 for the new trailers, a trade-in allowance of $5,492 for the old trailers, and a time sale price of $24,460 payable in 35 monthly installments of $524 and a final installment of $520.

There is other evidence that strongly tends to characterize the transaction as a loan rather than as a valid time sale. However, it was a question for the jury under all of the evidence to determine whether the contract was in fact a sale on time, with payments deferred, or one for cash with a loan being made to pay the balance of the purchase price. The jury found specifically that the transaction was a valid time sale and not a loan and the evidence is sufficient to sustain the verdict.

In Wood v. Commonwealth Trailer Sales, Inc., 172 Neb. 494, 110 N. W. 2d 87, which involved a factual situation somewhat similar to the facts in this case, this court held the transaction to be a loan made in violation of the Installment Loan Law and, therefore, void. In that case the court said with respect to a $1,924.04 "finance charge": "In addition to what was apparent from the face of the instrument itself the testimony on behalf of the defendant discloses that the finance charge was made on the basis of 7 percent interest a year on $5,354.40 for a period of 5 years, which amounted to $1,874.04, to which was added $50 making the total of $1,924.04. The $50 is not explained by the defendant.

The plaintiffs' evidence indicates that it was a charge for refinancing the balance remaining unpaid at the end of 5 years. * * * The conclusion that this was an interest charge and was so regarded by the parties and not the difference between a cash price and a time sale price is inescapable." However, the Wood case was a proceeding in equity in which the court made the findings of fact. This case is an action at law and a jury has made the findings of fact.

The assignment of error relating to the defendant's cross-petition does not require further consideration.

As an item of damage the plaintiff alleged and proved that it paid $245 to Truck Equipment Supply Co. for returning the trailers to Denver. Over objection as to foundation, the plaintiff's witness Durance was allowed to testify that it was his opinion that this amount was the fair and reasonable value of the services furnished. The assignment of error relating to the ruling on the objection to this testimony remains to be considered. The defendant's brief cites no authority in support of this assignment.

The foundation for this testimony was that the witness was the office manager of the plaintiff's Denver office; that prior to September 1958, he had been the office manager of the plaintiff's office in Dallas, Texas; that on five or six occasions he had been confronted with similar situations where vehicles had been repossessed and transferred from one point to another; and that he had observed what the charges were on those occasions. The plaintiff also produced an itemized statement which showed in detail how the charges had been computed.

Whether a witness' qualifications to state his opinion are sufficiently established rests largely in the discretion of the trail court and its ruling thereon will not ordinarily be disturbed on appeal unless there is a clear showing of abuse. School Dist. No. 162 v. Grosshans & Petersen, Inc., 169 Neb. 357, 99 N. W. 2d 601. Persons

engaged in performing services of the same character as those to be valued and persons who have knowledge of the business in and from which the services have been rendered, and of their value, may give their opinion as to the value of the services. In re Estate of Baker, 144 Neb. 797, 14 N. W. 2d 585, 155 A. L. R. 950.

The foundation for this testimony was rather meager but it was not so lacking that the ruling of the trial court can be said to be a clear abuse of discretion. Accordingly, the assignment of error relating thereto is not sustained.

The judgment of the trial court is correct and it is affirmed.

AFFIRMED.