J. WILLIAMS BRIDENBAUGH, APPELLANT, V. CHARLES BRYANT, APPELLEE.

FILED JUNE 7, 1907. No. 14,819.

1. Evidence examined, and *held* to support finding of trial judge.

2. Boundaries: EVIDENCE. The fact that the boundary lines of fields and highways, as established by the early settlers, are in harmony with disputed monuments is relevant as tending to show that such monuments are true corners.

3. Ejectment: ESSENTIAL ELEMENTS. The essential elements of the action of ejectment are legal estate, a right of possession in the plaintiff, and unlawful detention by defendant; and the plaintiff cannot recover where the latter element is lacking.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Hubbard & Burgess* and *R. E. Evans,* for appellant.

*William P. Warner, contra.*

CALKINS, C.

Township 28 of range 8 east, in Dixon county, was subdivided in 1858. Its settlement began in 1855, but, the center of the township being low and marshy, the north and south parts thereof were first occupied. In 1890 a highway, known as the "Swamp road," was established on the half section line east and west through section 16. The plaintiff became the owner of the north-east quarter of the southwest quarter of this section, and the defendant owned the southeast quarter of the northwest quarter thereof. The Swamp road was for some years treated as

the boundary line between these two proprietors. In 1893, there being a dispute as to the proper location of some portions of the Swamp road, the county surveyor, Dixon, undertook to survey it. He began at the southeast corner of section 28, at a stone which is conceded to mark the site of the corner established by the original government survey, and ran north to the seventh standard parallel, a distance of five miles. On the line so run there were monuments at or near the southeast corner of 16, the quarter corner on the east line of 16, the northeast quarter of section 9, and the quarter corner on the east line of section 4; but these the surveyor did not consider authentic, and disregarded. He thereupon proceeded to place new monuments according to the regular method of reestablishing lost corners. He also retraced the government survey north from the southwest corner of section 28 to the seventh standard parallel. Upon this line there were monuments at the southwest corner and at the quarter line of section 4, which he also disregarded. This survey resulted in locating all the parallel boundary lines in the north part of the township from 1½ to 3 chains north of the monuments disregarded by Dixon, the surveyor, and north of the fences, roads and lines according to which the country had been settled and improved, including the Swamp road, running between the land of the plaintiff and the defendant. It left some 7 acres of the land, theretofore claimed and in the possession of the defendant, south of the half section line, and to recover possession of this tract the plaintiff brought this action. There was a survey made by a surveyor named Smith, which recognized as government corners the monuments we have mentioned as having been disregarded by Dixon. The Smith survey resulted in locating the half section line at the center of the Swamp road on the east line of section 16, and slightly further north on the west line, so as to leave a triangular tract of land seven links wide at the west end, and vanishing to a point 290 feet east thereof, north of the Swamp road and south of the half section line. A jury

being waived, there was a trial to the court, who found the Smith survey correct, and gave the plaintiff judgment for restitution of the triangular tract of land above mentioned. From this judgment the plaintiff appeals.

1. If Dixon was justified in disregarding the monuments on the line run by him from the southeast and the southwest corners of section 28 to the seventh standard parallel, then his survey was correct. If the evidence establishes the fact that these monuments marked the site of the original government corners, then the Dixon survey is wrong, and the Smith survey correctly fixes the boundary between the plaintiff's and defendant's land. The rule that fixed monuments and known corners govern both courses and distances is well established. *Johnson v. Preston*, 9 Neb. 474; *Minkler v. State*, 14 Neb. 181; *Thompson v. Harris*, 40 Neb. 230; *Clark v. Thornburg*, 66 Neb. 717. If, therefore, the evidence establishes the fact that the monuments recognized by Smith in making his survey mark the true location of the original government monuments, it follows that the survey of Dixon was wrong, and should be disregarded. The district court found that the Smith survey was correct, and this, we think, involves the finding that the monuments recognized by Smith marked the true site of the original monuments. It is, however, claimed by the plaintiff that the special findings of the trial judge are inconsistent with his general conclusion, in that he did not in his special finding determine that the post at the southwest corner of section 4 was a government monument; and that he did not find that the southeast corners of 4 and 16 were true government corners. If this be true, the special did not go as far as the general findings; but they are not inconsistent therewith. The trial judge did find that the east quarter corner recognized by Smith is a true corner, and his failure to find that the other corners on that line are true corners is immaterial. We have, however, examined the evidence, and are satisfied that it would have justified a finding that all the corners recognized in

the Smith survey marked the site of the original corners. There was a large number of witnesses called, and the evidence is voluminous.   To recapitulate the testimony would extend this opinion beyond reasonable bounds.   It is sufficient to say that the identity of some of these corners was established by a witness who had settled upon lands in the neighborhood prior to the original survey, and all of them by witnesses who became acquainted with their location at a comparatively early date; that, in a locality where there was no natural stone, most of them were marked by stones of the same character as that marking the one corner at the southeast corner of 28, which all agree was an original corner; and that the locality from the south line of section 16 to the north boundary of the township had been settled, lands cultivated, and roads and fences built according to the boundaries indicated by these corners.   The only evidence to offset the probative effect of these facts is the circumstance that these monuments would need to be moved from 1½ to 3 chains north in order to check with the distances given in the field notes of the government survey.   It is to be observed that the survey of Dixon discovers no trace of any original monuments at any of the places in which it established corners. The only hypothesis suggested by the plaintiff to account for the fact that the parallel lines from the south line of section 16 to the north line of the township would have to be materially moved to coincide with the Dixon survey is that there has been a general moving of these monuments from the north toward the south.   If the monuments bounding a single tract of land were out of harmony with the field notes and with neighboring boundaries, such a suggestion would be plausible; but that all the monuments in a locality, owned by many different proprietors, on a half dozen parallel lines, should be moved in one direction, when the proprietors upon only one of those parallel lines would be benefited thereby, is incredible.

2. The plaintiff complains of the admission of evidence that the boundary lines of fields, fences and roads, as fixed

by the early settlers of the north part of the township, coincide with the monuments in question, and argues that such recognition of these monuments cannot estop the plaintiff, nor can the plaintiff be held to acquiesce in acts to which he was not a party. The only boundary in which plaintiff seems to have acquiesced is that of the Swamp road, and this, under the doctrine announced in *Coy v. Miller,* 31 Neb. 348, raised a presumption in favor of such line being the true one, though, having continued for less than 10 years, it should not be held conclusive. The fact of the recognition of these monuments north of the Swamp road is not admissible to show acquiescence by or estoppel of the plaintiff, for it does neither. It is admissible as a fact tending to show that the monuments in dispute are the true corners as originally marked upon the ground. The early settlers, locating their lands at a time when the survey was comparatively recent, and the monuments comparatively new, would naturally and probably fix their boundaries accordingly. And the fact that such boundaries, so fixed, coincide with old, defaced and uncertain monuments tends to prove their genuine character. *Thoen v. Roche,* 57 Minn. 135; *Arneson r. Spawn,* 2 S. Dak. 269; *Turpenning v. Cannon,* 28 Kan. 665. In the last above cited case, Horton, C. J., in writing the opinion, quotes with approval the words of Judge Cooley: "In legal controversy, the law, as well as common sense, must declare that a supposed boundary line, long acquiesced in, is better evidence of where the real line should be than any survey made after the original monuments have disappeared." We therefore think that such facts are not only relevant, but, when fully established, are entitled to great weight.

3. The plaintiff further contends that the court erred in not including in its decree that portion of the northeast quarter of the southwest quarter of section 16 which lies south of the quarter line as established by the Smith survey and within the boundaries of the Swamp road. To maintain ejectment, the plaintiff must, first, have a legal

estate in the property sought to be recovered; second, be entitled to the possession thereof; and, third, the defendant must unlawfully keep him out of the possession thereof. Code, sec. 626. The plaintiff's case as to the land within the boundaries of the highway lacks the second and third of these essential elements. Ejectment is a possessory action, and the plaintiff must have not only the legal estate, but a present right of possession. *Wells v. Steckelberg*, 52 Neb. 597. It must also appear that the defendant was in possession at the commencement of the action. See 17 Cent. Dig., col. 2054, sec. 65. There is nothing to show that the defendant ever interfered with the plaintiff's possession of the land within the boundaries of the highway, and the plaintiff could not, therefore, maintain an action against the defendant in respect thereto.

We therefore recommend that the judgment of the district court be affirmed.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.