JENNIE BOCK ET AL., APPELLANTS, V. AVIS S. PORTERFIELD,
APPELLEE.

FILED JANUARY 8, 1908. No. 14,999.

1. **Boundaries.** Fixed monuments and boundaries actually marked upon the ground by the government surveyors, when established, control the distances stated in the notes of such survey.

2. ———: EVIDENCE. It is a general rule that only a preponderance of evidence is required to establish an issue in civil actions; and boundary disputes furnish no exception to this rule.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. M. Sinclair* and *J. M. Easterling,* for appellants.

*John N. Dryden, contra.*

CALKINS, C.

The plaintiffs were the owners of the south half of the northeast quarter of section 8, in town 8, range 16 west, while the defendant was the proprietor of the land adjoining this tract on the south. The plaintiffs claimed that the defendant had encroached upon their premises, and brought this action in ejectment to recover possession of a strip across the north side of the land in possession of the defendant 4.24 chains wide at the east end. It appeared from a survey made by the county surveyor according to the field notes of the government survey that the southeast corner of the plaintiffs' said land should have been located at the southeast corner of the strip in controversy; but the defendant claimed that the original government stake had been set at the northeast corner of the said strip, and that the north line of the same was the true boundary between the adjoining proprietors. A jury was waived and a trial had to the court, who found for the defendant. From a judgment rendered upon this finding, the plaintiffs appeal.

1. This court is fully committed to the doctrine that fixed monuments and known corners govern both courses and distances. *Johnson v. Preston*, 9 Neb. 474; *Minkler v. State*, 14 Neb. 181; *Thompson v. Harris*, 40 Neb. 230; *Clark v. Thornburg*, 66 Neb. 717; *Bridenbaugh v. Bryant*, 79 Neb. 329. The only question, therefore, that is presented by this appeal is whether the evidence tending to establish the original government corner at the northeast corner of the disputed strip was sufficient to sustain the finding of the district judge. The land was surveyed in 1877, and Mr. Lantz, who took a homestead on the southwest quarter of the same section in 1878, and lived there for 8 years, was called as a witness. He testified that when he settled on this section the government monuments at the corners were fresh and plain; that he became well acquainted with the corner in dispute soon after his settlement, and continued to be familiar with its location during his residence upon the section. He identifies the monument at the northeast corner of the strip in dispute as marking the location of the original government stake. He testifies to breaking out land near this line in 1880, at which time a house was located in the vicinity of this corner; and he verifies the location at the time of the trial by marks showing where the house stood. Before Mr. Lantz removed from his homestead, and in 1884, Elizabeth Karn established a residence on the adjoining quarter, where she remained until 1897; and she identifies the corner as claimed by the defendant as then existing in its present location. She is corroborated by her husband, who testifies to practically the same facts. In addition to this, it appears that the owners of the adjoining lands recognized this corner. The testimony of these witnesses is in no way contradicted; but the plaintiff urges that the testimony of the Karns should be disregarded, because they describe the monument as having four pits, instead of two. It must be remembered that the Karns did not become acquainted with the monument until 7 years after it was installed, and that the identification of the location

of the original monument depends on the testimony of Mr. Lantz, while that of the Karns shows that the monument claimed by the defendant to mark the site of the original stake continued to exist in the same place during their occupancy.

2. The plaintiffs contend that the field notes are to be accepted as presumptively correct, and can only be overcome by the most clear and satisfactory evidence; and, in support of this proposition, cite the case of *Hanson v. Township of Red Rock*, 4 S. Dak. 358, 57 N. W. 11. Under the rule adopted by this court and above stated, the real question is where the boundaries were marked upon the ground by the original surveyors, and not where they should have been located. To establish the fact that such boundary was originally marked at a certain point, the testimony of witnesses who saw the original monuments when new, and the circumstance of the recognition of boundaries by early settlers when such boundaries were easily distinguishable, should be weighed and considered. If it appears from the field notes that the boundary should have been placed differently, that fact must also be considered and given the weight to which it is, according to the general experience of mankind, entitled; and, from a preponderance of all the evidence, the jury, or, when the case is tried to the court, the judge, should determine where the boundary was originally marked upon the ground. It is a settled rule in this state that only a preponderance of evidence is required to establish an issue in civil actions, and cases of this kind are no exception to the rule. In this case, however, we are not only satisfied that the finding of the district court is supported by sufficient evidence, but that it was the only conclusion at which it could have properly arrived.

We therefore recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.