OTTO L. PRICE, ADMINISTRATOR OF THE ESTATE OF NELLIE V. PRICE, DECEASED, APPELLEE, V. HARRY KING ET AL., APPELLANTS.

72 N. W. 2d 603

Filed October 21, 1955. No. 33787.

*Clark J. Mingus* and *Suhr & Cronin,* for appellants.

*Cunningham & Cunningham,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action brought by Otto L. Price, administrator of the estate of Nellie V. Price, deceased, for the benefit of the next of kin of Nellie V. Price, to recover damages for her wrongful death. The jury returned a verdict for the plaintiff against the defendants in the sum of $20,000, and judgment was entered thereon. The defendants appeal.

The death of Nellie V. Price was the result of a collision between an automobile being driven by the deceased, Nellie V. Price, and a truck being driven by the defendant Harry King, and owned by the defendant Orville Conn. It occurred at the intersection of two graveled county roads about 4 miles west of Alda, Hall County, Nebraska, referred to in the record as the Bonsak corner, on October 13, 1953, at about 7:30 a. m. The weather was clear, visibility was good, and the roads were dry. There were no warning or stop signs on either road at the intersection. No question is raised by the appeal in regard to the amount of the damages as found by the jury. The assignments of error relate to the liability of the parties for negligence and to the correctness of the instructions of the court in submitting the case to the jury, if a jury question is found to exist.

The record shows that Mrs. Price was an employee of an ordnance plant near Grand Island, Nebraska. It was her custom to leave home about 7 a. m. and drive to work in her car. Immediately prior to the collision she was driving north as was her usual custom towards

the intersection where the accident occurred. After the collision the automobile of the deceased was in the ditch, headed west, at the northeast corner of the intersection.

The truck being operated by the defendant King approached the intersection from the west. It was hauling a load of shelled corn and according to King was traveling at a speed of approximately 35 miles an hour. After the collision the truck was also in the ditch, headed west, at the northeast corner of the intersection. There is evidence that the truck was on top of the front end of the Price car.

Mrs. Price died approximately 3 hours after the accident without making any statement as to how it happened. A witness, John McDermott, testified that he talked with the defendant King shortly after the accident and that King said "he did not see her until he hit her."

The defendant King testified that he approached the intersection from the west at approximately 35 miles an hour. There was a cornfield to the south which had been picked out and he said that he could see the Price car approaching when he was west of the Bonsak barn, which was about 280 feet west of the north and south highway. He said Mrs. Price was twice as far away from the intersection at that time. He fixed the distance as three light poles south of the intersection. He said he looked again when he was "pretty close to the intersection." At this time, he said, the Price car was a "considerable distance south" and that it "was about twice as far from the front of her car to the intersection as from the front of my truck to the intersection." He said he was from 7 to 11 steps from the west line of the intersection the last time he looked. He continued to drive at the same speed and at no time slowed down as he approached the intersection. His evidence is that he saw he had time to clear the intersection so he kept on going, but that the Price car hit the right front fender

and wheel of his truck in the intersection. He states he was driving on his right-hand side of the road and that his truck was hit on the east side of the center of the intersection. He did not know where on the north and south road the Price car was being driven. He states that when the front of the truck was struck it went up in the air and that is the last he remembers as to what happened. He admits that he did not again look to the south after he came by the last row of corn in the field south of him because "I felt I had plenty of time to get across the intersection." He said he had on a heavy load and had to watch the road ahead of him, and for that reason he did not again look to the south. He said he knew that Mrs. Price had the right-of-way over him because she was approaching from his right.

There is evidence by the witness Bonsak that he saw the truck pass his place going east and that the Price car was about twice as far away from the intersection as the truck at that time. The witness Dobesh was standing in a cornfield southeast of the intersection while engaged in picking corn and watched the approach of both vehicles immediately prior to the collision. He said he saw the truck at the Bonsak trees and the car approaching near the point where he had a truck parked in his field. He stated that both the truck and car were traveling too fast when he saw them and that if their speeds were maintained there would be an accident. He testified that the truck was farther from the intersection when he saw it at the Bonsak trees than was the Price automobile.

There is evidence of some tire marks in the intersection. One was described as a brush mark indicating that a wheel had been pushed to the north. The condition of the car and truck is described after the accident. It is asserted by defendants that the damage to the truck shows that it was struck on the right front fender and wheel. This evidence is disputed. The pictures in evidence show that the truck and car were totally wrecked.

The evidence is clear that the truck turned over and landed partly on the Price car. The physical facts are disputed and any conclusion reached from them is not at all conclusive.

The evidence may be summarized as follows: Defendant King was the employee of the defendant Conn. He was driving a truck which was in good condition. As he approached the intersection he was driving at 35 miles an hour and at no time did he apply his brakes or attempt to slow down. He saw the Price car coming some distance away. He looked a second time and assumed he had time to go on through. After passing the last row of corn on his right he did not look again, and the collision occurred. The plaintiff was traveling north. Because of her death, shortly after the accident, her version of the accident is not available. She evidently was traveling on her right-hand side of the highway as King stated the collision occurred east of the center of the intersection. The physical facts are inconclusive and any inferences to be drawn from them are clearly for the jury. The condition of the truck and automobile after the collision was such that it points to no conclusive theory as to who was responsible for the accident. Whether the damage relied upon was caused by the original impact in the intersection, or by the subsequent overturning of the loaded truck, is not certain. The evidence in this respect was clearly a question for the jury to consider. The evidence of some of the witnesses relied upon was impeached to some extent by previous statements alleged to have been contrary to their evidence at the trial. This goes to the credibility of such witnesses and the weight to be given their testimony. Such matters are solely for the jury. We conclude from an examination of the whole record that the evidence was sufficient to submit the case to the jury. The conflicts in the evidence were peculiarly for the jury to resolve. Consequently the trial court did not err in overruling the motions of the defendants for a directed

verdict and their motion for judgment notwithstanding the verdict. This conclusion is supported by our holdings to the following effect: Where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury. It is only where the evidence shows beyond reasonable dispute that plaintiff's negligence is more than slight as compared with the negligence of the defendant that it is proper for the trial court to instruct the jury to return a verdict for defendant or enter a judgment notwithstanding the verdict. Becks v. Schuster, 154 Neb. 360, 48 N. W. 2d 67; Young v. Stoetzel, 159 Neb. 624, 68 N. W. 2d 186; Granger v. Byrne, 160 Neb. 10, 69 N. W. 2d 293.

The defendants contend primarily that the evidence shows Nellie Price was guilty of negligence more than slight as a matter of law when compared with the negligence of the defendants. The only negligence shown on the part of Nellie Price was that she was driving fast. There is no evidence that she was violating any speed limit fixed by statute. Whether she was negligent in failing to keep a proper lookout, or in failing to yield the right-of-way, is dependent upon the facts proved, and consequently is a matter for the jury. The presumption is that she used due care. There is a natural presumption that everyone will act with due care. The mere fact that an accident happens does not prove contributory negligence. Negligence must be proved by direct evidence or by facts from which such negligence can be reasonably inferred. In the absence of such proof, negligence cannot be presumed. The evidence of the plaintiff, and the defendants as well, is sufficient from which the jury might find that King was grossly negligent. The jury could find that he failed to keep a proper lookout and failed to slow down or stop his truck where reasonable care under the circumstances required him to do so. The fact that he had a heavy load on the truck, requiring, as he said, that he

had to watch the road immediately ahead of him, would not excuse his duty to keep a proper lookout for approaching traffic. It cannot be said that Nellie Price was guilty of negligence which would as a matter of law preclude a recovery. From the record before us, she could well have assumed that her right-of-way was going to be respected by the driver of the truck. The degree of negligence on her part, if any, is for the jury to determine under proper instructions by the court.

The defendants contend that instruction No. 4 given by the trial court was prejudicially erroneous. The complaint is directed at that part of the instruction providing: "You are instructed that the defendants in their answer deny the material allegations of the plaintiff's petition and also in said answer allege negligence on the part of said Nellie V. Price.

"The latter provisions of said answer are affirmative in their nature and before defendants can avail themselves thereof they must have proved the same by a preponderance of the evidence." The defendants assert that this portion of the instruction places too great a burden upon them. In support of their contention they cite Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250. It was therein said: "The rule in this regard is as follows: 'If the defendant pleads that the plaintiff was guilty of contributory negligence the burden is upon him to prove that defense and this burden does not shift during the trial of the case. However, if the evidence adduced by the plaintiff tends to prove that issue the defendant is entitled to receive the benefit thereof and the court must instruct the jury to that effect.' Munday v. Davis, *supra*. See, also, Krepcik v. Interstate Transit Lines, 154 Neb. 671, 48 N. W. 2d 839."

While instruction No. 4 is not in compliance with the foregoing rule, we have repeatedly held that the instructions given to a jury must be construed together, and if when construed as a whole they properly state the

law it is sufficient. Shiers v. Cowgill, 157 Neb. 265, 59 N. W. 2d 407. By instruction No. 5 in the present case the court told the jury: "In determining whether a party has sustained the burden of proof placed upon him by the preceding instructions you are not limited to the evidence introduced by such party. Either party is entitled to the benefit of any evidence tending to establish his contentions, even though such evidence comes from witnesses presented by the opposite party." Instruction No. 4, when properly construed with instruction No. 5, correctly states the law, and is in accord with the rule quoted in the Murray case.

The defendants' assignments of error are without merit. The judgment of the district court is affirmed.

AFFIRMED.