RAY H. LARSEN, APPELLANT, V. OMAHA TRANSIT COMPANY, A CORPORATION, FORMERLY KNOWN AS OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, ET AL., APPELLEES.

86 N. W. 2d 564

Filed December 6, 1957. No. 34204.

*Eisenstatt, Seminara & Lay, Donald P. Lay,* and *Frank Heinisch,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda, George L. DeLacy,* and *William P. Mueller,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

Yeager, J.

This is an action by Ray H. Larsen, plaintiff and appellant, against Omaha Transit Company, a corporation, and Edwin L. May, defendants and appellees, wherein the plaintiff seeks to recover damages on account of injuries sustained which he claims were the result of negligence on the part of the defendants. A trial was had and at the close of the evidence of plaintiff the defendants moved for a directed verdict or in the alternative that the action be dismissed on the ground that the evidence of plaintiff was insufficient to sustain a verdict and judgment in favor of plaintiff. This motion was sustained and the action dismissed. A motion for new trial was duly filed which was overruled. From the order overruling the motion for new trial and the judgment dismissing the action the plaintiff has appealed.

The assignments of error present two questions. The first question is that of whether or not the evidence of plaintiff was sufficient to sustain a verdict and judgment in favor of the plaintiff. The second is that of whether or not certain evidence offered by the plaintiff was improperly rejected by the trial court.

The first question must be considered in the light of and agreeable to the following rules: "A motion for a directed verdict must for the purpose of decision thereon be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the evidence." Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175. See, also, Ecker v. Union P. R. R. Co., 164 Neb. 744, 83 N. W. 2d 551.

"In an action where there is any evidence which will support a finding for a party having the burden of proof the trial court cannot disregard it and direct a verdict against him." Haight v. Nelson, 157 Neb. 341,

59 N. W. 2d 576, 42 A. L. R. 2d 1. See, also, Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496; Griess v. Borchers, 161 Neb. 217, 72 N. W. 2d 820.

In this case the evidence, which under these rules must be accepted as true together with the reasonable inferences favorable to the plaintiff, discloses that Douglas Street in Omaha, Nebraska, at the west side of the intersection with Sixteenth Street is 60 feet in width; that Sixteenth Street at the south side of Douglas Street is 60 feet in width; that the grade of Sixteenth Street through the intersection and on to the south is slightly upward; that on December 20, 1954, traffic at the intersection was controlled by traffic lights, red lights indicated that traffic was required to stop and green lights indicated it might proceed; that Sixteenth Street had six lanes each of the width of 10 feet; that only southbound vehicular traffic moved on Sixteenth Street; that these lanes were used by the defendant Omaha Transit Company, which will be referred to herein as the company, for the transportation of passengers; that the easternmost and the westernmost lanes were described as parking lanes; that there was a cross walk 15 feet in width extending eastward across Sixteenth Street on the south side of Douglas Street; and that on the west curb of Sixteenth Street immediately to the south of the west end of the cross walk and 19 feet south of the south line of Douglas Street was a traffic light pole.

On December 20, 1954, at about 3 p.m., the plaintiff came out onto the sidewalk and stood at the east edge thereof just to the south of the light pole which has been mentioned. At the time the traffic light was in favor of southbound traffic and against east and west traffic. While he was so standing and waiting for the light to change he was pushed or shoved eastward two steps with his feet about 5 feet into Sixteenth Street before he was able to halt his forward motion. At the time, he looked to the north and observed the approach of a bus of the company which was in the lane east of the west

parking làne. Plaintiff's view to the north from his position was open to a point in the next block where he could see a taxicab parked at a taxicab stand. The plaintiff stopped his forward motion and attempted by stepping backward to return to the sidewalk but before he was able to do so the bus moved forward and its right front corner struck him and he was knocked down and injured. The plaintiff's head was struck by the bus.· His head was approximately 4 feet from the curb line when he was struck. There was no bus stop where the accident occurred but there was a bus stop farther south in the block.

It is pointed out here that the defendant Edwin L. May was the operator of the bus and no contention is made that his negligence, if any, would not be attributable to the company.

As a basis for his claimed right of recovery the plaintiff alleged that the defendants were negligent (1) in that there was a failure to keep a proper lookout for pedestrians ahead of the bus; (2) in that the bus was operated in too close proximity to a curb and sidewalk; (3) in that the bus was operated at an unreasonable rate of speed near a large ·crowd at ia crossing and sidewalk; (4) in that there was a failure to keep the bus under proper control; (5) in that there was a failure to alter or divert the bus when in the exercise of care and caution the collision could have been avoided; (6) in failure to warn the plaintiff of the approach of the bus in the lane adjacent to the curb; and (7) in failing to keep passengers behind the white line in the bus in order to have full vision to the right of the driver of the bus.

It becomes necessary to ascertain whether or not the evidence which has been summarized amounts to proof, within the meaning of the rules cited, of one or more of these specifications of negligence.

At this point it is pointed out that the third and sixth specifications do not, on the record made, present a basis for recovery.· The third charges that the bus was

operated at an unreasonable rate of speed but there is no evidence of speed and none from which a reasonable inference of speed could be drawn. As to the sixth there was nothing which could have required the giving of a warning prior to the time the plaintiff emerged into the street, and thereafter he knew of the position of the bus, in consequence of which he made every effort to remove himself from its path, therefore the warning could have availed plaintiff nothing.

As to the first, fourth, and fifth specifications, while there is no direct evidence that the operator of the bus did not keep a proper lookout, or that he did not keep the bus under proper control, or that he had the opportunity to alter or divert the direction of the bus and thus avoid the collision, there is evidence from which a reasonable inference could flow favorably to the plaintiff in all three of these connections. It could be reasonably inferred that if he had been keeping a proper lookout he would have seen plaintiff 60 feet away and would have had an opportunity to proceed farther out in the street or stop without striking him. As to the second specification, it is reasonably inferable that if the bus had continued the same distance from the curb as it was moving when first seen by the plaintiff it would have passed to the east of the point where the collision occurred. There was no reason why it should not have been caused to do so since, as pointed out, the bus stop was farther south.

A question of fact as to whether or not the defendants were negligent in any or all the respects was presented. The questions of fact were for determination by a jury. "Where different minds may reasonably draw different conclusions from the evidence, or there is a conflict in the evidence as to whether or not negligence or contributory negligence has been established, the question is for the jury." Price v. King, 161 Neb. 123, 72 N. W. 2d 603.

The question of fact was that of whether or not the

bus of the company was at the time and under the circumstances disclosed operated in such manner that the operator thereof could in the exercise of ordinary care and caution have discovered the plaintiff in time to have avoided the collision with the plaintiff. In Armer v. Omaha & C. B. St. Ry. Co., 151 Neb. 431, 37 N. W. 2d 607, it was said: "When a motor vehicle operated on a public highway collides with a person causing injury, liability arises when the peril of the injured person is discovered by the operator of the vehicle or by the exercise of ordinary care and caution could have been discovered in time to have avoided injury, if at the time of the collision no negligence of the injured person was active or a contributing factor to the accident." See, also, Most v. Cedar County, 126 Neb. 54, 252 N. W. 465; Tews v. Bamrick, 148 Neb. 59, 26 N. W. 2d 499; Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106. In the case at bar no question of contributory negligence is at this time before the court.

As pointed out, the plaintiff predicates error on the rejection of evidence. The evidence rejected was a part of a validly enacted ordinance of the city of Omaha relating to movement of buses while passengers are entering. The pertinent parts of the ordinance are the following:

"Section 1. All buses and streetcars * * * shall be marked * * * in the front vestibule or entryway by an easily discernible stripe, marker, or line dividing the front and the rear. The said stripe, marker, or line shall be located * * * on a line running from a point directly in the rear of the driver's seat to a point directly behind the front entryway or vestibule doors.

"Section 2. No person shall drive a bus on which the said marker, line, or stripe prescribed in Section 1 is required * * * without the prescribed stripe, marker, or line, nor shall he put the bus or street car in motion while any person other than himself is forward of the stripe, marker, or line."

The record discloses that at the bus stop about one-half block north of Douglas Street a passenger boarded the bus in the area in front of the line prescribed by section 1, and that he remained there continuously thereafter until the collision occurred. His exact location at any particular time during the interval is not made known, but during the interval he was engaged in an effort to put his fare into the fare box. His position was generally to the west of the operator of the bus. Obviously it could be inferred that thereby the view of the operator was obstructed. The view to the southwest could have been obstructed. In the light of common knowledge and experience the attention of the operator of the bus could have been attracted to this passenger in this forbidden position and distracted from the plaintiff in his position of peril. These were circumstances which, if supported by evidence or reasonable inference, the jury had a right to consider in determining whether or not the defendants were guilty of negligence. In this view the conclusion arrived at is that it was error to exclude the ordinance.

It is of course true that a violation of the ordinance could not be regarded as negligence as a matter of law, but it was a safety regulation. Its violation was a circumstance which a jury had a right to consider in determining whether or not the defendants were guilty of negligence. "The violation of a safety regulation established by statute or ordinance is not negligence as a matter of law, but may be considered in connection with all of the other evidence in the case in deciding the issue of negligence." Armer v. Omaha & C. B. St. Ry. Co., *supra*. See, also, Dickman v. Hackney, 149 Neb. 367, 31 N. W. 2d 232; Melcher v. Murphy, 149 Neb. 541, 31 N. W. 2d 411.

The judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.