JAMES HARRIS, APPELLANT, v. ROBERT PULLEN, APPELLEE.
99 N. W. 2d 238

Filed November 20, 1959. No. 34631.

*Philip T. Morgan,* for appellant.

*Luebs & Elson* and *Howard E. Tracy,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries,

doctor and hospital bills, and property damage by James Harris, plaintiff and appellant, against Robert Pullen, defendant and appellee. The case was tried to a jury which returned a verdict in favor of the defendant and against the plaintiff. Judgment was rendered on the verdict. Thereafter the plaintiff filed a motion for judgment notwithstanding the verdict and in the alternative a motion for new trial. Both elements of the motion were overruled. From the judgment, the order overruling the motion for judgment notwithstanding the verdict, and the order overruling the motion for new trial the plaintiff has appealed.

The factual background of the action, about which there is no substantial dispute is that early in the morning while it was still dark on September 29, 1958, the plaintiff left his home in Fullerton, Nebraska, and proceeded southward on State Highway No. 14, a black-top road. At about 5:30 a.m. on that day after he crossed the county line into Merrick County, Nebraska, the front end of his automobile came into collision with the rear end of a truck owned by, and at the time used in the business of, the defendant and operated by Marvin Rogers, an employee of the defendant, in a southerly direction on State Highway No. 14. There is some evidentiary dispute about time but that is of no real importance. It is not disputed that the happenings involved occurred before daybreak.

It is the contention of the plaintiff that the collision came about as the result of the negligence of Rogers which negligence was attributable to the defendant. No contention is made that the defendant is not liable if Rogers was negligent. It is the further contention of the plaintiff that as results of the collision he was injured; he became obligated for doctor and hospital bills; and his automobile was damaged, by reason of all of which he suffered damages.

The plaintiff, to the extent necessary to state here, charged that the negligence of Rogers was as follows:

That the truck was being operated on the highway at night without lights; that Rogers failed to maintain a proper lookout; that he failed to yield the right-of-way; that he failed to yield one-half of the highway to the plaintiff; that he failed to signal his intention to turn left across the highway; and that he failed to exercise ordinary and reasonable care in the operation of the truck on the highway, and particularly in the light of his knowledge of the truck's equipment.

The defendant by answer denied that Rogers was guilty of any negligence, and charged affirmatively that any injury or damage suffered or sustained by plaintiff was the result of his own negligence. The charges of negligence against the plaintiff, which require mention, summarized are: That he operated his automobile at a high, dangerous, and unlawful rate of speed; that he failed to yield the right-of-way; that he failed under the circumstances to have his automobile under proper control; that in overtaking the truck he failed to pass to the left; that he failed to give a signal by use of his horn of his intention to pass; that he failed to apply his brakes; that he failed to have his automobile under such control as to be able to stop within the range of his vision; that he failed to swerve so as to avoid a collision; and that he failed to keep a proper lookout.

The case was submitted to the jury by instructions which outlined the issue of negligence tendered by the plaintiff, the denial of the defendant, and his affirmative defense which in essence is the defense of contributory negligence, which defense, if supported by sufficient evidence, required the court to instruct on the rules relating to the doctrine, which apply in this jurisdiction, controlling the comparison of negligence or comparative negligence.

As grounds for reversal the brief of appellant contains numerous assignments of error. The following is a substantial embodiment of the first five and the last three of these assignments: The trial court erred in refusing

to direct a verdict in favor of the plaintiff and against the defendant on the question of liability in consequence of which it was error to submit the question of contributory negligence of the plaintiff and the rules relative to the comparison of negligence to the jury. The theory of this is that there is no evidence from which a jury could find that the plaintiff was guilty of negligence which caused or proximately contributed to the collision and that Rogers was guilty of negligence which was the sole proximate cause. This requires an examination of the entire evidence bearing on that question.

It is pointed out here that this determination must depend upon the testimony of both parties bearing on the subject. In other words, as applied to this case, if a jury could properly have found from the evidence of the plaintiff, or of the defendant, or both of them, that the plaintiff was guilty of negligence causing or proximately contributing to the collision the decision herein must be against him on the stated embodiment of assigned errors.

A controlling rule is the following: "If the defendant pleads that the plaintiff was, guilty of contributory negligence the burden is upon him to prove that defense and this burden does not shift during the trial of the case. However, if the evidence adduced by the plaintiff tends to prove that issue the defendant is entitled to receive the benefit thereof and the court must instruct the jury to that effect." Mundy v. Davis, 154 Neb. 423, 48 N. W. 2d 394. See, also, Krepcik v. Interstate Transit Lines, 154 Neb. 671, 48 N. W. 2d 839; Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250; Price v. King, 161 Neb. 123, 72 N. W. 2d 603.

Another controlling rule is the following: "Where different minds may reasonably draw different conclusions from the evidence, or there is a conflict in the evidence as to whether or not negligence or contributory negligence has been established, the question is for the jury." Price v. King, *supra*. See, also, Becks v. Schus-

ter, 154 Neb. 360, 48 N. W. 2d 67; Young v. Stoetzel, 159 Neb. 624, 68 N. W. 2d 186; Granger v. Byrne, 160 Neb. 10, 69 N. W. 2d 293; Larsen v. Omaha Transit Co., 165 Neb. 530, 86 N. W. 2d 564.

The record discloses that the plaintiff was the only eyewitness to the actual collision. Rogers was the driver of the truck and was possessed of some firsthand information but his view of the collision was cut off by the body of the truck. On direct examination the plaintiff testified substantially that about 4:30 a.m. he left home in a 1947 Chevrolet automobile, which he had purchased about 2 weeks before for $35, and drove south on the highway, which was black-top; that the highway was straight and unobstructed; that he was proceeding at 40 to 45 miles an hour when he came over a hill; that he came upon the truck, hit his brakes, slowed up, and proceeded to pass; that when he got about even with the tailgate of the truck, the truck started cutting left across the white line down the center of the road; that the truck came clear over the white line; that he hit his brakes and came back to the right side as did also the truck, and the collision took place; that the truck had no lights and was dirty; that he had his own headlights, which were good, on bright; that his brakes were good and his horn was good; that he had the truck in view at all times as he approached and attempted to pass; that the driver of the truck gave no signal at any time; that the truck had no rear-view mirror and no license; and that the driver of the truck said he was attempting to turn into a pasture on the east or left side of the highway to feed cattle.

On cross-examination the plaintiff testified that he had stated previously that he was from 50 to 75 feet away when he saw the truck but that he was from 100 to possibly 150 feet away; that when he saw the truck he was going 35 to 40 miles an hour; that he did not know if he sounded his horn; that when he first saw the truck it was on the right side of the road as was also the

plaintiff; that he slowed down, moved over to the left or east side, speeded up, and proceeded to pass the truck which was going real slow, about 10 to 15 miles an hour; that he was going about 40 miles an hour when he got even with the tailgate of the truck at which time he was over in the east or left lane; that he let up on the footfeed, hit his brakes, and came back into the west lane as did also the truck; that when the impact took place two wheels of his automobile were on the black-top and two in the ditch; that the front end of the automobile came in contact with the right rear wheel of the truck; and that at that time he was moving at the rate of about 30 to 35 miles an hour. On redirect examination he testified that there was no room to pass the truck to the left.

The plaintiff testified that he hit his brakes a time or two but did not state that he tried to stop. He testified in effect that on approaching the truck he traveled down the right side of the road on which side the truck had been moving; that he then turned to the left side and proceeded until he was about even with the tailgate of the truck which was going 10 to 15 miles an hour but could not pass on that side because the truck had moved over; that he then turned to the right to pass but could not do so because the truck had also moved over to the right; and that during all of which time he was driving at speeds of from 30 to 40 miles an hour.

There is evidence on behalf of the plaintiff that the black-top on the highway was 25 feet 6 inches in width; that the collision occurred about 24 feet west of the east line and 53 feet north of a way into a pasture which Rogers intended to enter with the truck; that plaintiff's automobile stopped at the point of collision; and that there were skid marks made by plaintiff's automobile starting from a point 91 feet north of the point of collision in the middle of the road and extending toward the west side of the road.

Rogers was a witness for the defendant and on direct

examination in pertinent part he testified in substance that he was the driver of the truck; that the truck had no rear-view mirror; that when he wanted to look back he stepped outside and looked back while sitting on the edge of the seat; that this was necessary, but not difficult, because the body of the truck is wider than the front or cab; that the maximum speed is 10 miles an hour; that he was first aware of plaintiff's automobile when he started turning the steering wheel east, at which time he stepped out and saw the lights, after which he turned back to the right; that at that time he was about a foot across the center line of the highway; that when he saw the lights they were at least a half block away; that the automobile was at that time on the left side of the road; that he moved about 50 feet between the time he saw the lights and the time the collision occurred; that he could see that the car coming was trying to pass; that its speed was between 45 and 50 miles an hour; that he was clear over to the right or west side when the collision occurred; and that the speed of the truck as it was returning to the right side was about 5 to 10 miles an hour.

On cross-examination he testified that the truck was about 6 feet wide and that the cab was narrower; that he intended to make a left turn across the highway; and that he gave no signal of his intention. On redirect examination he said the left side of the truck body extended out about a foot farther than the end of the seat.

On this evidence this court is first required to determine the question of whether or not the plaintiff was entitled to a directed verdict on the ground that it was conclusively shown that Rogers was guilty of negligence which was the sole and proximate cause of the collision, and that therefore there was no question of negligence for submission to a jury. If this first question is to be decided adversely to the plaintiff then it becomes necessary to ascertain whether or not the court properly instructed the jury on the issue of negligence and whether

or not the verdict of the jury properly responded to the instructions.

Neither the form nor particular substance of any instruction relating to negligence is attacked. The attack is only upon the propriety of the giving of instructions in the light of the evidence.

The determination of whether or not a motion for directed verdict should be granted must be made in the light of the following: "A motion for a directed verdict must for the purpose of decision thereon be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the evidence." Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175. See, also, Halliday v. Raymond, 147 Neb. 179, 22 N. W. 2d 614; Gutoski v. Herman, 147 Neb. 1001, 25 N. W. 2d 902; Segebart v. Gregory, 156 Neb. 261, 55 N. W. 2d 678.

If a record is examined in the light of the foregoing rule and it is found that there is conflicting evidence on an issue of fact a verdict may not be directed but the issue must be submitted to a jury for determination. See, Stoffel v. Metcalfe Constr. Co., 145 Neb. 450, 17 N. W. 2d 3; Gutoski v. Herman, *supra;* Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832; Norman v. Sprague, 167 Neb. 528, 93 N. W. 2d 637.

In determining the sufficiency of evidence to sustain a verdict it must be considered most favorably to the successful party, that is, every controverted fact must be resolved in his favor and he is entitled to have the benefit of every reasonable inference which may be deduced therefrom. See, Clouse v. St. Paul Fire & Marine Ins. Co., 152 Neb. 230, 40 N. W. 2d 820, 15 A. L. R. 2d 1008; Norman v. Sprague, *supra.*

As pointed out the verdict in this case was for the defendant. It was as follows: "We, the Jury duly im-

panelled and sworn in the above entitled cause do find in favor of the defendant and that plaintiff has no cause of action."

Under the terms and content of the instructions the jury, subject to the existence or nonexistence of evidence and the determination of the weight which the jury concluded that it was entitled to receive, was empowered to return a verdict the effect of which was to say that the negligence of Rogers was the sole proximate cause of the collision, and accordingly the plaintiff was entitled to recover his entire damages; or that the plaintiff had failed to prove that Rogers was guilty of negligence, in which event the plaintiff would be entitled to no recovery; or that Rogers was guilty of gross negligence and the plaintiff was guilty of negligence which was slight by comparison, which would entitle the plaintiff to a verdict with the amount of recovery reduced on the basis of comparison; or that Rogers was guilty of gross negligence and the plaintiff was guilty of negligence more than slight by comparison, in which event the plaintiff could not recover; or that Rogers was guilty of negligence less than gross by comparison and the plaintiff was guilty of slight negligence, in which event the plaintiff could not recover.

In view of the fact that the verdict is general in its terms it is not possible to ascertain to which of these propositions the jury intended that its verdict should respond. It could have responded to any one or more of them, depending upon whether or not there was evidence or lack of evidence for support of the verdict.

In an approach to this it must be borne in mind that the function of this court is not to weigh evidence, but to ascertain whether or not there is evidence to sustain the verdict of the jury in the exercise of its function as the trier of the facts. See, Arman v. Structiform Engineering Co., 147 Neb. 658, 24 N. W. 2d 723; Danner v. Walters, 154 Neb. 506, 48 N. W. 2d 635; Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643; Jacobsen v. Po-

land, 163 Neb. 590, 80 N. W. 2d 891; Eden v. Klaas, 166 Neb. 354, 89 N. W. 2d 74.

Referring back now to the summary of evidence it is recalled that Rogers said that he was never more than about a foot over the middle line of the black-top and from that point he turned back to the right after seeing the lights on the plaintiff's car as much as a half block back at which time plaintiff was attempting to pass. If this was true there was a width of around 11 feet of black-top between the truck and the east edge of the black-top. The plaintiff said that he saw the truck when it was 100 feet, possibly 150 feet, away and that it passed entirely east of the middle line of the road and into the lane whereon he was seeking to pass, which lane he followed until he was about even with the tailgate of the truck. The plaintiff gave no testimony that he attempted to stop his car so as to avoid a collision. There is evidence of skid marks made by plaintiff's car starting in the middle of the road 91 feet back of the point of collision and extending to the right into the west lane. From this of course it could be inferred that plaintiff's car was never wholly in the east lane from the time it was 91 feet back of the point of collision. From this it becomes clear that there were facts as to the cause of collision which were materially in dispute.

Involved with the material facts to be considered herein are certain principles which define the duties and obligations of operators of automobiles on the highways. With particular reference in this case to the duties and obligations of the plaintiff at the time and place and under the circumstances disclosed by the record, the plaintiff was under a duty to observe the following rules:

"The law requires a driver of a motor vehicle to have his car under such reasonable control as will enable him to avoid a collision with other vehicles, assuming that the drivers thereof will exercise due care.

"The driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving even

though he is rightfully on the highway and has the right-of-way or is driving on the side of the highway where he has a lawful right to be. He must keep a lookout ahead or in the direction of travel or in the direction from which others may be expected to approach and is bound to take notice of the road, to observe conditions along the way, and to know what is in front of him for a reasonable distance." Bear v. Auguy, 164 Neb. 756, 83 N. W. 2d 559. See, also, Stanley v. Ebmeier, 166 Neb. 716, 90 N. W. 2d 290.

The plaintiff's duty in relation to passing the truck was to pass to the left at a safe distance. See § 39-7,109, R. R. S. 1943.

On the record made and under the cited rules it becomes clear that on none of the theories contained in the embodiment of assignments of error is the plaintiff entitled to prevail. The assignments are predicated on the basic theory that there was no question of negligence or of contributory negligence for submission to the jury, but on the contrary, on the evidence it was the duty of the district court and is now the duty of this court to hold as a matter of law that negligence of Rogers was the sole proximate cause of the collision.

The record justifies no such conclusion. From the evidence the jury, in the exercise of its function and in the light of the duties and obligations of the plaintiff under law, could have found by the verdict returned that in the exercise of ordinary care the plaintiff could have passed the truck to the left and avoided any collision, and in his failure so to do his negligence was the sole proximate cause of the collision. It could have found that Rogers was guilty of gross negligence which was a proximate cause of the collision and the plaintiff was guilty of contributory negligence which was more than slight. Further it could have found that Rogers was guilty of negligence less than gross which was a proximate cause of the collision and the plaintiff was guilty of slight negligence which contributed thereto.

As was indicated the theory which was employed by the jury is not ascertainable. The duty of this court however is not to ascertain the theory but to ascertain whether or not there was evidence sufficient to sustain the verdict of the jury on one or more of these theories.

As has been pointed out there was evidence from which the jury could have found that the plaintiff was guilty of negligence which was the proximate cause of the collision or that he was guilty of contributory negligence which proximately contributed thereto. The court did not therefore err in overruling the motion of the plaintiff for a directed verdict in his favor on the issue of negligence, and accordingly and for the same reasons it did not err in overruling the motion for new trial. Also for the same reasons the court did not err in overruling the motion for judgment notwithstanding the verdict. A motion for judgment notwithstanding the verdict may not properly be sustained in the absence of a motion for a directed verdict which motion should have been sustained because of a want of evidence. See, § 25-1315.02, R. R. S. 1943; Hamilton v. Omaha & C. B. St. Ry. Co., 152 Neb. 328, 41 N. W. 2d 139; Pavlicek v. Cacak, 155 Neb. 454, 52 N. W. 2d 310; Borcherding v. Eklund, *supra*. This statutory provision and these cases declare the conditions under which a motion for judgment notwithstanding the verdict shall be sustained. They also make clear the proposition that when these conditions are not met, then it is improper and erroneous to sustain such a motion.

The conclusion reached is that there was no error in the submission of the issues as to negligence to the jury and nothing has been presented which impairs the validity of the verdict returned by the jury thereon.

There is but one other assignment of error which requires specific mention. This is true since all others refer either to the subject of damages, which subject is eliminated by the conclusion reached concerning the issues of negligence and the verdict of the jury, or they

are so indefinite and uncertain as not to permit of consideration.

The one requiring comment asserts that the court erred in submitting the "sudden emergency" doctrine to the jury. The assignment is not referred to in argument and is supported by no proposition of law. In this light consideration of it is not required herein.

For the reasons appearing herein it appears that the judgment of the district court should be and it is affirmed.

AFFIRMED.