MILES W. JOHNSTON, APPELLEE, v. ARTHUR J. L. ROBERTSON
ET AL., APPELLANTS.
106 N. W. 2d 192

Filed December 2, 1960. No. 34804.

*W. L. Dwyer*, for appellants.

*William M. Grossman*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law brought in the district court for Lancaster County by Miles W. Johnston, plaintiff, against Arthur J. L. Robertson and Laversa Mae Robertson, defendants, to recover on an alleged contingent fee contract for services rendered to the defendants in recovering certain real estate in Lincoln, Nebraska, for the defendants. The case was tried to a jury resulting in a verdict in favor of the plaintiff in the amount of $500. The defendants moved the court for a directed verdict at the close of plaintiff's evidence and at the conclusion of all of the evidence. These motions were overruled. The defendants filed a motion to set aside the verdict of the jury and the judgment on the verdict, and to enter judgment for defendants on the ground that the evidence was insufficient to sustain a verdict in the plaintiff's favor. The defendants filed an amended motion to set aside the verdict and enter judgment for the defendants notwithstanding the verdict on the ground that the evidence was insufficient to sustain a verdict for the plaintiff. Both of the above motions were overruled. The defendants appealed.

For convenience we will refer to the plaintiff Miles W. Johnston as plaintiff; to Arthur J. L. Robertson and Laversa Mae Robertson as Robertsons or defendants; to Richard D. Ferguson and Sophia R. Ferguson as the Fergusons; and to Dean E. Welch and Gladys Welch as the Welches.

The pleadings necessary to consider are as follows. The plaintiff alleged that the reasonable value of the

property recovered was $6,000; that the defendants agreed to pay plaintiff one-third of the value of the recovery made by plaintiff if suit was required; that the plaintiff recovered said property for the defendants; that he was entitled to recover $2,000 from the defendants for his fee but that notwithstanding his entitlement he billed the defendants for and agreed to accept $1,500 in full for his services; that the defendants paid $200 of said amount; and that there was due and owing to the plaintiff from the defendants the sum of $1,300, for which amount he prayed judgment.

The defendants by their answer admitted that they retained the plaintiff to represent them to recover the possession of certain real estate described in the plaintiff's petition. The defendants alleged that they had a claim against the Fergusons, the persons who were wrongfully in possession of the property as described in the plaintiff's petition, in the sum of $2,325 for rent from January 1, 1957; that it was agreed between the plaintiff and these defendants that the plaintiff was to receive as his fee for services one-third of the sum recovered as rents in said action; that if he was unsuccessful in recovering a money judgment for rent, he was to receive the sum of $250 for his services in dispossessing the Fergusons of said real estate; that for some reason unknown to the defendants, the plaintiff abandoned the cause of action for rents and insisted that the defendants settle the case by taking possession of the real estate, and the action was so disposed of; that these defendants paid the sum of $200 on the fee of plaintiff for services rendered; and that they owed him the sum of $50 which amount they had tendered into court in full payment of the plaintiff's fee. The prayer was that the plaintiff's petition be dismissed.

The plaintiff's reply to the answer of the defendants denied each and every allegation therein contained which did not admit allegations of the plaintiff's petition.

It might be stated that the defendants filed a cross-

petition and the plaintiff filed an answer thereto which need not be set out.

The sole question presented on this appeal is whether or not the trial court erred in overruling the motions of the defendants, made at the close of the plaintiff's case in chief and again at the close of all of the evidence, for directed verdict and for judgment notwithstanding the verdict.

Before summarizing the evidence in this case, we set forth the following rules of law as being applicable.

"A motion for a directed verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and such party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the evidence. * * * The function of this court, in determining whether or not a verdict has been sustained or whether or not there is evidence sufficient for submission to a jury, is not to weigh evidence, but to ascertain whether or not there is evidence to sustain the verdict of a jury in the exercise of its function as the trier of the facts." Harris v. Pullen, 169 Neb. 298, 99 N. W. 2d 238.

It is not the province of this court in reviewing the record in an action at law to resolve conflicts in or weigh the evidence. In testing the sufficiency of the evidence to sustain a verdict, admissible testimony tending to support the case of the successful party should be accepted as the truth. See Garbark v. Newman, 155 Neb. 188, 51 N. W. 2d 315.

It is presumed in an action at law that controverted facts were decided by the jury in favor of the successful party, and its finding based on conflicting evidence will not be disturbed unless clearly wrong. See Snyder v. Farmers Irr. Dist., 157 Neb. 771, 61 N. W. 2d 557.

It has long been the rule that where different minds

may draw different inferences or conclusions from the facts proved, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury to be determined. See Snyder v. Farmers Irr. Dist., *supra.*

The record discloses that on October 18, 1947, the Robertsons purchased Lots 1, 2, 3, 10, 11, and 12 in Block 7, Second Addition to Normal, now a part of Lincoln, Nebraska, obtaining a warranty deed from Fred C. Wick and his wife Martha. The property involved in this case is described as Lots 10, 11, and 12 in Block 7, as above described, and is also known as 5540 Saylor Street.

On November 3, 1947, the Robertsons mortgaged the above-described property to the Woodmen Accident Company, the consideration being $4,850.

On November 24, 1954, the Robertsons, by articles of agreement, agreed to sell to the Welches the property here involved for $7,250, $400 cash in hand, $900 cash at time of closing on or before December 4, 1954, and the sum of $70 per month commencing with payment January 1, 1955, and like payment the first of each month thereafter, with interest at 6 percent per annum. It was also agreed that in the case of a default in payment of principal or interest for a period of 30 days the contract could be forfeited as well as the payments made thereon. Upon the execution of the contract, the Robertsons were to execute a warranty deed to be placed in escrow with the Union Bank of Lincoln, Nebraska, to be delivered to the Welches on completion of the contract.

On November 7, 1955, the Welches gave a quit claim deed to the property here involved to Clara B. Marr, the mother-in-law of Dean E. Welch. The consideration in the deed was one dollar.

On November 25, 1955, the Welches entered into a written agreement to sell the property here involved to the Fergusons for the sum of $9,000, $800 to be paid on the execution of the contract and the balance of

$8,200 to draw interest at the rate of 6 percent per annum, and the sum of $75 to be paid each month commencing January 1, 1956, until the total sum of $8,200 was paid. This contract provided that if the Fergusons would default the payments for the monthly installments or any part thereof when due, or fail to perform any of the terms of the contract, the Welches could cancel the contract. The contract further provided that the Welches agreed to furnish the Fergusons an abstract which would show that the Welches were vested with merchantable title to such real estate, and that upon tender by the Fergusons of the balance of the purchase price, together with the payment of interest as provided for in the contract, the Welches agreed to execute and deliver to the Fergusons a warranty deed conveying such property free and clear of all encumbrances.

On December 9, 1955, Robertson wrote a letter to the Welches stating that it was all right for the Welches to sell their equity in the property, and to send the necessary papers and the Robertsons would execute the same if the client's credit rating was all right. This letter also acknowledged a December payment from the Welches under the contract. The Robertsons did not execute any instruments relating to the sale of this property from the Welches to the Fergusons.

The Welches defaulted in their payments under the contract with the Robertsons on or about January 1, 1957. Thereafter Dean E. Welch filed bankruptcy proceedings in the State of Washington. In consideration of the sum of $125 paid to the trustee in bankruptcy of the bankrupt's estate, a quit claim deed to the property here involved was made to Robertsons. The deed was given in lieu of foreclosure and forfeiture of the contract between the Robertsons and the Welches, the trustee in bankruptcy disclaiming any interest in said property.

After the Welches were in default of their payments under the contract with the Robertsons, the Robertsons

employed counsel to obtain possession of the property, but subsequently dismissed such counsel. On July 8, 1958, the Robertsons employed the plaintiff to represent them. They were without funds and, as a consequence, a contingent fee arrangement was made. The plaintiff testified that he told the Robertsons he would take the matter on the basis of one-third of the recovery if he had to file suit, however, if he could settle the matter without suit and get the Robertsons possession of the property, his fee would be one-fourth of the recovery. Suit in ejectment was filed in the district court for Lancaster County on July 29, 1958, titled Arthur J. L. Robertson et al., plaintiffs, v. Richard D. Ferguson et al., defendants. Appearance for the defendants was made in this matter, and the cause was continued.

The action in ejectment was obviously brought under the provisions of section 25-2124, R. R. S. 1943.

The remedy for the recovery of real estate by one claiming the legal title thereto against one in possession claiming an estate therein is an action of ejectment in which the facts may be submitted to a jury. See Snowden v. Tyler, 21 Neb. 199, 31 N. W. 661.

The essential elements of the action of ejectment are legal estate, a right of possession in the plaintiff, and unlawful detention by the defendant. See Bridenbaugh v. Bryant, 79 Neb. 329, 112 N. W. 571.

The Robertsons' contention is that the plaintiff agreed to handle the case on a contingent fee basis of one-third of the money recovered, and if no judgment was obtained for money recovered the Robertsons were to pay the plaintiff $250 for clearing the title and recovering possession of the property.

The Robertsons gave the plaintiff a power of attorney, and the plaintiff attempted to perfect a settlement under such power of attorney, but the negotiations failed. Thereafter further negotiations were carried on in an attempt to settle the matter as between the Robertsons and Fergusons, and a settlement was consummated on

the 16th or 18th of March 1959. At the time the case was finally disposed of, the Robertsons obtained possession of the property, a quit claim deed for the same, and the keys to the property from the Fergusons. This deed was executed on November 4, 1958, and remained in the possession of the defendants' counsel until the settlement was made as heretofore mentioned.

On November 8, 1958, the plaintiff wrote a letter to the Robertsons, stating: "* * * while our original agreement for fees was on a contingent basis of one-third of the recovery, if you desire to close the matter at the time of settlement with Mr. Ferguson my fee will be $750.00."

On December 31, 1958, Robertson wrote the plaintiff, stating: "It is good news that the Fergusons have given possession, along with a quit claim deed. * * * If we are to settle on the terms of possession only, as you recommend we do; we need to know your fee for the case. Forget Mrs. Marr for the present. (Mrs. Marr was the mother-in-law of Dean C. Welch to whom the Welches gave a quit claim deed to the property here involved.) Please let us know what your fee will be if we accept their terms; we will then consider their offer."

On March 14, 1959, in a hearing held before Judge Polk in the Lancaster County district court, Robertson stated that he had not dismissed the plaintiff as counsel as of that time; that they could not agree on the plaintiff's fee; that the plaintiff wanted $1,500 and Robertson could not afford to pay that amount; that he had made arrangements for a loan and was able to obtain $500; and that he was going to talk to the plaintiff to ascertain whether they could arrive at an amicable settlement with relation to the plaintiff's attorney fees.

On March 14, 1959, the plaintiff agreed to accept $1,500 as his attorney's fee.

On March 19, 1959, Robertson wrote to the plaintiff stating: "When we came to you last summer, we were

in bad financial straits (in a sense we still are). You backed us in spite of this; for that we are grateful to you. * * * I am inclosing $50 as the first installment on the fees due you. Please let me know what you regard as a fair fee for your services. We can then make financial arrangements to pay you."

The plaintiff testified in detail with reference to the services rendered the defendants, the time required by him spent on the case, and other elements of work, and stated that in his opinion he belived a reasonable fee would be in the amount of $2,000. However, he had reduced his fee to $1,500. He further testified that Robertson had paid him $200; and that he considered the value of the property recovered to be $6,000.

It does appear from the record that the Fergusons claimed to have some rights and interests in the property here involved, and that it would be necessary either to arrive at a settlement with the Fergusons or, in the alternative, to file suit to obtain possession of the property and dispose of any interests the Fergusons might claim with reference thereto. The evidence in this respect has heretofore been covered.

We believe the evidence in this case is sufficient to warrant the jury in arriving at its verdict of $500.

It is not the function of this court to pass upon the evidence, but only to determine whether or not there was sufficient evidence to sustain the verdict. We find that the evidence was sufficient and that no error was committed. The verdict and judgment of the district court are affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.